WILLIAM CHRISMAN, ADMINISTRATOR OF JABEZ SMITH, Defendant in Error, v. JOSEPH C. IRWIN AND S. H. WOODSON, Plaintiffs in Error.

1. *Limitations—Payment.*— An allowance by a Probate Court of a demand against the estate of one of the makers of a promissory note which had become barred by the statute of limitations, and payments made upon such allowance by the administrator of the deceased maker will not deprive the other joint makers of such note of their defence of the bar of the statute.

*Error to Jackson County Circuit Court.*

This is a suit in attachment on a promissory note for $2,000, dated September 20, 1847, and payable six months after date, signed by J. C. Irwin, S. H. Woodson and S. S. Bartleson. The following endorsements are on the note:

"Woodson, Irwin, and Bartleson, to Jabez Smith.—Note $2,000, due March 20, 1847.—Allowed against estate of S. B., July 18, 1859, $554.64, balance of his third of note.—1849, Nov. 16, by cash $200 of S. B.—1848, Nov. 22, by cash received of Joseph Irwin & K., $500.45 ; by cash received of Joseph Irwin, $244.36.—1849, Aug. 15, by cash of Sidney Bartleson, $200."

The suit was commenced March 19, 1864, against Irwin and Woodson, the other maker of the note, Bartleson, being dead. There was no service on the defendant Woodson, but a publication as to the other defendant, Irwin, who appeared and answered. Irwin set up the statute of limitations in bar of the action. The case was tried by the court without a jury. The evidence showed that Bartleson died in the year 1858, and that the credit of $554.64, endorsed on the note, was for the amount allowed in the Probate Court of Jackson county against the estate of Bartleson on the 18th day of July, 1859, and was for the one-third part of said note, and

was claimed as the proportion of the not edue from said Bartleson. The defendant Irwin asked the court to declare the law to be that, as to him, the note was barred by the statute of limitations; but the court refused so to declare the law, and gave judgment for the plaintiff.

*Douglas & Gage,* for plaintiffs in error.

As to Irwin the statute of limitation is clearly a valid bar to the action. The payment alleged to have been made on the 18th day of July, 1859, and which it is claimed takes the case out of the operation of the statute, cannot have that effect.

I. It is not such a payment as is contemplated by R. C. 1855, p. 1053, § 14. That must be a voluntary payment. Here it is the endorsement of a judgment allowed in the Probate Court against the estate of a deceased joint maker of the note. A judgment is not a payment.

II. Even if such allowance were a payment, it was not made until after the statute had become a complete bar. The note was due March 20, 1848. It was barred March 20, 1858. Such alleged payment was not made until July 18, 1859. (Bell v. Morrison, 1 Pet. 373.)

III. But in this case the community of interest had been severed by the death of Bartleson, and a payment or acknowledgment by his administrator cannot have the effect to revive the debt as against Irwin. (Ang. Lim. §§ 251–2; Root v. Bradley, 1 Kan. 437; Hathaway v. Haskell, 9 Pick. 42; Atkins v. Fredgold, 2 Barn. & C. 23; Slater v. Lawson, 1 Barn. & A. 396; Smith v. Townsend, 9 Rich. Law, S. C. 44; Van Keuren v. Parmlee, 2 Comst. 523; Shoemaker v. Benedict, 1 Kern. 176.)

The principle on which it has been held that a part payment takes the debt out of the statute is, that such part payment admits a greater debt to be due. But the evidence in this case does not show such admission. Probably one-third of the amount due on the note against the estate of Bartleson is evidence that the creditor had agreed to collect the

debt ratably of the several parties to the note, and such agreement will be enforced. (2 Tuck. 490; 4 Johns. 22.) Such admission, therefore, is only good against the estate of Bartleson. It cannot be good against Irwin because it did not admit a greater sum due, but embraces the whole amount due from Bartleson, and referred to that alone. (Ang. Lim. §§ 240 & 244.) This is a case of first impression in the courts of this State. The decisions in Craig v. Callaway County, 9 Mo. 836, and same case 12 Mo. 94, were made under a different state of facts, and under the limitation law of 1835, which did not contain the provisions found in the laws of 1845 and 1855.

The whole doctrine now combatted originated in the case of Whitcomb v. Whiting, decided by Ld. Mansfield, in 1781; but the authority of that case has been much shaken by more recent English decisions, and never was thoroughly acquiesced in either there or here. Many of the most respectable American courts have entirely repudiated it, and it is not recognized as an established authority, in its entire length, in any of the courts. The principle there asserted is that there is a community of interest between joint promisors, and therefore one may act as the agent of the others. Without admitting the truth of that proposition, it may be said in answer to it that the death of one of the joint promisors destroys the community of interest. The original promisors are supposed to have had confidence in each other, but it does not follow that this same confidence is to be extended to the representative of a deceased joint promisor. They do not know who may become such representative. There is no privity between them and such representative; and to say that they must have confidence in a person not then known or designated, is an absurdity. Nor can it be maintained on the ground of agency. An agent exercises a delegated authority. He cannot delegate this authority, whilst living, to any other person, unless expressly empowered to do so; much less can he transmit it to his administrator, to be exercised after his own death. His agency dies with him. *Delegatus non potest delegare.* (Ang. Lim. § 260, note 3.)

*E. B. Ewing*, for defendants in error.

Our statute has made no change as to the effect of a payment by one of several joint promisors. (R. C. 1855, § 10, p. 161.) Part payment of principal or interest stands on a different footing from the making of promises or acknowledgments. (Wyatt v. Hodson, 8 Bing. 309.) As to the effect of an acknowledgment of one of several drawers of a joint and several promissory note, see the leading case of Whitcomb v. Whitney, 2 Doug. 651.)

In Rexter, Adm'r, v. Penniman, 8 Mass. 134, it is said where the parties are living, an admission of a promise or contract as undischarged within six years before action brought, take it out of the statute of limitations. For the same reason such an admission made by or to an executor or administrator after six years, ought to be considered as having the same effect. Part payment of a debt by the administrator of a debtor takes the debt out of the general statute of limitations, although no promise was made to pay the balance. (Foster v. Starkey's Adm'r, 12 Cush. 325.)

One of two makers of a joint and several promissory note having become bankrupt, the payee received a dividend under the commission on account of the note. This will prevent the other maker from availing himself of the statute of limitations in an action against him for the remainder of the note—the dividend having been received from the assignee within six years before action brought. (Jackson v. Fairbank, 2 H. Black, 340—a case strongly in point.) Hunt v. Bridgham, 2 Pick. 583; Smith v. Ludlow, 6 John. 268; Shelton v. Cook et al., 3 Munf. 197, are strongly in point.

The case of Whitcomb, though formerly somewhat questioned, has been firmly established in England, (8 Bing. *supra*, and cases there cited,) and, as we have seen, has been recognized as law in Massachusetts, New York and Virginia.

There is nothing, either in law or equity, which compels one to plead the statute of limitations, either for himself or for the benefit of another, (3 Bin. 177–8,) and it has been

decided by this court that an executor or administrator is not bound to plead the general statute of limitations. .

HOLMES, Judge, delivered the opinion of the court.

This was a suit upon a promissory note against two of three joint makers, the third being dead. One of the defendants was not served with process, and the other pleaded the statute of limitations as a defence. To avoid this, the plaintiff relied upon a payment made within ten years before suit. The evidence showed that after the decease of the third maker, the note had been presented for allowance in the Probate Court against his estate, and the allowance was endorsed on the note as follows: "Allowed vs. the estate of S. B., 18th July, 1859, $554 64, balance of one-third of the note." The note was drawn payable in six months after date, and was dated the 20th of September, 1847. Payments had been made by the deceased in his lifetime, in the year 1849, but there had been no payment by either of the other makers within ten years, and at the time of the allowance the note stood barred as against all three, unless taken out by the operation of the statute by the payments made in 1849 and before; and when this suit was begun the statute had run as against the defendants, unless the allowance had prevented the bar.

The determination of the latter point will dispose of the case. There is no express acknowledgment by the administrator of the existence of the debt, nor any new promise to pay it. He merely omits to avail himself of the statute as a defence against the allowance; the court decides that the debt is a subsisting demand against the estate, and makes the allowance, which is a judgment. He makes no voluntary payment of the note in his character of personal representative of the deceased maker. The note was joint and several under the statute. By the death of one party all community of interest between him and the other joint makers, from which any agency could be implied, had ceased to exist. The administrator was not the representative or

the agent of the other makers for any purpose. He had no power as such to create a new debt, even against the estate, much less against the other parties. His duty was to collect the debts of the estate, and pay such demands as should be allowed against the estate, when so ordered. Between him and the defendants here there was no kind of privity.

Without undertaking to review all the authorities, which are numerous and somewhat conflicting, upon the effect of partial payments in reference to the statute of limitations, it will be sufficient to declare our opinion to be that this allowance did not revive nor continue the debt as against the other makers, nor prevent the statute running against them. (Slater v. Lawson, 1 Barn. & Ad. 396; Hathaway v. Haskell, 9 Pick. 42; Smith v. Townsend, 9 Pick., S. C. 44; Ang. on Lim. § 252; Shoemaker v. Benedict, 1 Kern., N. Y. 176.)

In Craig v. Callaway (12 Mo. 94) both joint makers were still living, and a payment of interest had been made by the surety on account of the principal debtor before the statute bar had been attached; and it is, therefore, widely distinguishable from this case. It has been held that a part payment by an administrator will be binding on the party making it, there being an implication to that effect from the peculiar provisions of the statute, and that a part payment by one of several joint contractors will bind all the rest, when the parties are living, resting on the principle that a payment by one is a payment for all, the one acting virtually as agent for the rest. (Foster v. Starkey's Adm'r, 12 Cush. 325; Whitcomb v. Whitney, 2 Doug. 651; Wyatt v. Hudson, 8 Bing. 309; Craig v. Callaway, 12 Mo. 94.) The words of the statute are that "nothing contained in the two preceding sections shall alter, take away, or lessen the effect of a payment of any principal or interest made by any person." (R. C. 1855, p. 1053, §§ 12–14.) This leaves the effect of the payment to be determined by the general law as it stood before the passage of the act, and it may reasonably be understood to mean any person who is competent in law to make such payment and thereby bind the other joint contractors,

and one who does make such payment as his own voluntary. act. We are not inclined to extend the application of this doctrine any further than these cases have gone, nor is it necessary here to give our sanction to them. In Shoemaker v. Benedict, (1 Kern., N. Y. 176,) this subject is elaborately considered, and the doctrine of the cases which have followed the decision in Whitcomb v. Whiting expressly overruled, Denio, J., dissenting, but agreeing with the rest of the court that such payments made by one of the joint contracters after the statute bar had run, was not binding on the other parties. We have no hesitation in concurring with that opinion thus far. Any joint privity or implied agency must then be considered as terminated. (Bell v. Morrison, 1 Pet. 373; Atkins v. Tredgold, 2 Barn. & C. 23; Van Deusen v. Parmelee, 2 Comst. 523.) Whether this note was barred or not at the time when this allowance was made, there was no voluntary payment made by the administrator, as the representative of the deceased party, that would have the effect, on any principle of implied agency, privity of contract, or othwise, to create a new contract, or to continue the former liability beyond the time of the statute bar. A debt might very well be allowed by a Probate Court, the administrator merely waiving or omitting to plead the statute of limitations. The court would only have to consider whether or not the debt was a subsisting demand against the estate; and when once allowed, the demand becomes a judgment, which the administrator is bound to pay when so ordered by the court. To hold that this could take the case out of the operation of the statute as against the other parties, in reference to whom the debt had stood barred for many years, would be going far beyond any authority that has been adduced, and beyond any sound and just principles of law.

The judgment is reversed and the cause remanded. The other judges concur.