Scott, judge,
delivered the opinion of the court.
This was a suit begun before a justice of the peace on a bond executed by N. Craig and Daniel Nolly as sureties for John H. Cook, payable to the justices of the county court for Callaway by their names, and for the use of the county. The suit was brought in the names of the surviving justices to whom the bond was given. These justices were not in office at the beginning of the suit. The defence was the statute of limitation. To repel the bar of the statute D. Nolly, the co* security, and who was no party to the suit, and the treasurer of the ■county was introduced as a witness, who proved the endorsements of the payment of interest on the bond before the expiration of the time in which suit might be brought on it. The endorsements were made by the witness on Cook’s occount. Nolly was objected to as an incompetent witness. A paper called a bill of discovery, sworn to by N. Craig was read in evidence by which the whole case is entirely made out. This paper was objected to as evidence by Craig, but no objection was specifically stated.
The instructions will not be noticed as they do not affect the case, which was argued, and evidently turns on the effect of the partial payments made by Cook in removing the bar of the statute of limitation.
This case is distinguishable from those of Bell vs. Morrison 1 Pat., and Levy vs. Cadet 17 Ser. and R. In them it was held correctly that after the dissolution of a partnership, there was no authority in one partner by an acknowledgment to revive a debt barred by the statute of limitations. It will be observed that in both of these cases the admission was not made by the part payment- of an existing debt not barred, but by declarations. Although there is no authority in a partner to revive a debt after a dissolution, yet there is both a legal and moral obligation resting on a debtor to pay his debt before it is barred by the statute. In the one case a man acts voluntarily and without authority, in the other, under obligation, does what he has promised to do, and for the performance of which his surety is liable. Greenleaf says, 1 vol. *97 sec. 174, the act of making partial payments within six years, by one of several joint makers of a promissory note, takes it out of the statutes of limitations. This, he observes, though much discussed, and sometimes questioned, seems now to be clearly established. A case has not been found which would warrant us in holding that a partial payment before the statute attaches is not a bar. The Code Napoleon expressly provides that the acknowledgment of the principal debtor shall interrupt the prescription against a surety. So our Statute provides that nothing in the act requiring a written promise to revive a debt barred by the statute shall in anywise impair the effect of a partial payment of a debt made by any person. Thus giving a legislative sanction to the rule. The neglect or omission of a creditor to sue his principal debtor does not relieve the surety. It is the duty of the surety to see that the debt is paid, for which he is bound. He knows that on his faith credit was given. Courts will not, by construction enlarge the liabilities of sureties. But every consideration forbids the indulgence of niceties by which they may be discharged from the responsibilities to the ruin of those who gave credit on their undertaking, and but for whom the credit would never have been given. We sympathise with sureties, who pay debts for which they have received no consideration, but those who are enforcing the collection of such debts are but repossessing themselves of what, on all principles of right and justice, belongs to them, and should meet with no other embarrassments than those created by a strict regard to law and justice.
The 4th sec. of the act concerning counties, Dig. 290, shows the suit was properly brought in the names of the justices to whom the bond was payable. The mode adopted was in conformity to general principles. Choses in action does do not go in succession.
Daniel Nolly was competent. He admits himself to occupy the same position upon the paper that Craig does : in aiding a recovery against Craig, he therefore acts in opposition to his own interest; for a recovery against Craig will authorize him to call upon Nolly for contribution. When a paper is offered in evidence, if any objections exist to admissibility, it has been frequently held by this court that such objections must be stated specifically, otherwise they would not be noticed in error.
Judge Napton concurring, the judgment is affirmed.