McCLURG, MURPHY, *et al.*, Appellants, *v.* F. C. HOWARD, Respondent.

1. *Partnership — Part payment by one partner — Statute of limitations.*— Part payment of a firm-debt by one partner, after dissolution, within five years before suit brought, will take the debt out of the operation of the statute of limitations as to the other partner; but *semble*, that the rule would not apply in case of part payment made after the statute had run and the debt had been barred.

*Appeal from Third District Court.*

*Sherwood*, and *Johnson & Budd*, for appellants.

I. A partial payment by one joint obligor or partner, after dissolution of the partnership, will take a debt, not yet barred, out of the statute of limitations as to all. (Whitcomb v. Whitney, 2 Doug. 652; Wood v. Braddick, 1 Taunt. 104; Jackson v. Fairbank, 2 H. Bl. 340; Goddard v. Ingram, 3 Ad. & El. 839; Smith v. Ludlow, 6 Johns. 267; Roosevelt v. Marks, 6 Johns. Ch. 266; Shelton v. Cook, 3 Munf. 191; Simpson v. Morrison, 2 Bay, 533; Kauffman v. Fisher, 3 Grant, 302; Carroll v. Gayarre, 15 La. An. 671; Hunt v. Bridgham, 2 Pick. 581; Sigourney v.

Drury, 14 Pick. 387; Fisher v. Tucker, 1 McCord's Ch. 190; Patterson v. Choate, 7 Wend. 441; Pike v. Warren, 14 Maine, 390; Dinsmore v. Dinsmore, 21 Maine, 433; Shepley v. Waterhouse, 22 Maine, 497; White v. Hale, 3 Pick. 291; Getchell v. Heald, 7 Greene, 26; Bound v. Lathrop, 4 Conn. 336; Coit v. Tracy, 8 Conn. 268; Austin v. Bostwick, 9 Conn. 496; Craig v. Callaway County Court, 12 Mo. 94; Lawrence County v. Dunkle, 35 Mo. 395; Smith's Adm'r v. Irwin, 37 Mo. 169; Burr v. Williams, 20 Ark. 171; Hicks v. Lusk, 19 Ark. 692; Tillinghast v. Norse, 14 Ga. 641; Cox v. Bailey, 9 Ga. 467; Colburn v. Averill, 30 Maine, 425; Tanner v. Ross, 1 R. I. 88 ; Whitaker v. Rice, 9 Minn. 13; Corlies v. Fleming, 1 Vroom, 349; Patch v. King, 29 Maine, 448; Zent v. Hart, 8 Barr. 337; Davis v. Coleman, 7 Ired. 424.)

II. In this case, the partial payment being made before the bar attached, and while each partner was liable and authorized to pay for all, it merely continued their liability, and did not create a new obligation. Hence, the statute would only begin to run from the time of such partial payment. (Craig v. Callaway County Court, 12 Mo. 94; Collyer on Part., § 430, and notes; Story on Part., § 324, and notes; Carr's Adm'r v. Hurlburt's Adm'x, 41 Mo. 264; Isley v. Dewett, 3 Metc. 439.)

*Baker & Ellis*, for respondent

A partner, after dissolution, can not, by any act of his alone, bind his former co-partners so as to create any new liability against them, or extend or increase their responsibility. (3 Pars. on Cont. 79, § 4, and note; 1 Kernan, 176; 7 Yerger, 534.) The case of Lawrence County v. Kinkle, 35 Mo. 395, is not applicable to this case. The dissenting opinion of McBride, J., in Callaway County Court v. Craig, 12 Mo. 94, contains the true modern doctrine; and see 37 Mo. 169.

BLISS, Judge, delivered the opinion of the court.

The plaintiffs brought suit in the Christian Circuit Court against the members of the firm of Nowlin, Howard & Co., for goods and merchandise sold them in the usual course of trade, which suit Howard alone defended, and pleaded the statute of limita-

tions. He claims that he went out of the firm in 1857 (of which plaintiffs had notice), which was more than five years before the commencement of the suit. The plaintiffs, to take the case out of the statute, relied upon the fact that the sums of $500 and $30 were, in 1861, paid upon the debt by this defendant's co-partners; but the Circuit and District Courts held that it did not have that effect, and judgment for defendant was rendered and affirmed.

Few questions have been more zealously contested in the common-law courts than the one involved in this record. The case of Whitcomb v. Whiting, 2 Doug. 652, decided by Lord Mansfield in 1781, was for many years treated as establishing the doctrine that one of the makers of a promissory note, by the payment of the interest and part of the principal within six years (the limitation fixed by 21 Jas. I, ch. 16), took the case out of the statute as to the other makers as well. This case was for a time generally followed by the courts of the United States, and is still considered the law of England, and has been applied to all partnership debts, as well as to joint makers of a bill or note; and no distinction seems to have been made between a part payment before the statute had run, and one made after the expiration of the time limited. The whole subject is learnedly discussed in the notes to the fifth edition of Angell on Limitations, pp. 273-9; also in a note to section 324, Story on Partnership.

The general effect of a new promise or acknowledgment, which had been the subject of such conflict of opinion, has been set at rest in Missouri by the adoption of the substance of the statute of 9 Edw. IV, ch. 14, so far as it pertains to this subject, which is embodied in sections 28, 29, and 30, pp. 920-21, of Wagner's Statutes, by which all such new promises and acknowledgments must be in writing. But the express exception made by section 30, that the statute shall not take away or lessen the effect of a part payment, leaves cases like the one at bar precisely as though it had not been adopted. The effect of such payments has been very elaborately considered in the Court of Appeals of New York, in Van Kenren v. Parmelee, 2 Comst. 523, and in Shoemaker v. Benedict, 1 Kernan, 176. In the former case the part payment was made after the statute had run and the defendant had been

discharged by its operation. The decision could only have been that, under such circumstances, a co-obligor had no power, as against the others, to revive an obligation already discharged; although the reasoning of Judge Bronson, in delivering the opinion, goes much further, and would apply as well to a case like the present as to the one before him. But in Shoemaker v. Benedict, the court expressly held that a part payment by a joint obligor, made before the statute had run, had no effect to prevent its running against his co-obligors. I confess it would be very difficult to reply to or resist the force of the reasoning of Judge Allen, who gave the opinion of a majority of the court in that case; and were the question a new one in Missouri, I would favor the application of its doctrine to the present case. But the question was expressly decided the other way by this court in Craig v. Callaway, 12 Mo. 94, and the decision was in accordance with the authorities at that time. The business and credits of our people have ever since been conformed to that view, and if a change is deemed expedient, it should be made by the Legislature in reference to future indebtedness. We are referred by counsel to Smith's Adm'r v. Irwin, 37 Mo. 169, but that case is entirely consistent with Craig v. Callaway, and only holds that an administrator can not, after the statute has run, bind the co-obligor of his intestate; and the court would doubtless have held, had it been necessary, that the intestate, if living, would not have had that power.

Regarding this question as not an open one in Missouri, we must hold that the Circuit Court erred in deciding that the payment of part of the debt by one partner could not extend the operation of the statute as to the others. The record in this case, sent up from the Circuit Court, is very badly got up and more than twice as long as was necessary or proper. It is full of repetitions — copying papers two or three times, for no apparent reason than to make costs. This practice should not be permitted.

The judgment is reversed and the cause remanded for further proceedings, with directions to the Circuit Court to tax one-third of the cost of transcript of the original record to the circuit clerk, and one-third to the plaintiffs, whose attorneys should have prepared a better bill of exceptions. The other judges concur.