ELEAZER BLOCK, ADMINISTRATOR, ETC., Respondent, *v.* ARCHIBALD B. DORMAN, Appellant.

1. *Administration — Bills and notes — Suits upon by administrator of administrator.*— Where a note was made to an executrix in her representative capacity, her administrator, in the event of her death, may sue on the note in his own name.

2. *Note given in extinguishment of debt, equivalent to cash, when.*— A note received in full satisfaction and absolute payment of a debt has the same effect in extinguishing the interest as if payment had been made in cash.

3. *Limitations, statute of — Note — Interest — Payment of by one maker — Effect of as to others.*— Payment of interest by one of several promisors in a note, before the statute of limitations attaches, takes it out of the statute as to the others.

| | |
|---|---|
| 51 | 31 |
| 31a | 183 |
| 51 | 31 |
| 38a | 93 |
| 51 | 31 |
| 103 | 506 |
| 51 | 31 |
| 107 | 506 |
| 51 | 31 |
| 59a | 618 |
| 51 | 31 |
| 75a | 309 |
| 51 | 31 |
| 77a | 47 |
| 51 | 31 |
| 88a | 584 |
| 51 | 31 |
| 96a | 563 |

*Appeal from Cape Girardeau Circuit Court.*

*G. H. Greene*, for appellant.

*L. Houck*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

The objection made to the capacity of the plaintiff to maintain the action was properly overruled. The plaintiff is the administrator of the estate of Charlotte Block, to whom the note was made payable, and although she is described in the note as the executrix of Simon Block, still that does not prevent the maintenance of this action in the name of the present plaintiff. (Cook's Executor v. Holmes, 29 Mo. 61; Nicolay v. Fritschle, 40 Mo. 67.)

There is no foundation for the defense set up, that there was a previous judgment upon the note which operated as an estoppel to the prosecution of the present suit. The previous action on the note was between different parties, and there was no judgment given on the merits, and therefore there could be no bar concluding the plaintiff here. The material question, however, is whether the action was barred by the statute of limitations.

The note was made by defendant and one Deane, and before the statute commenced running Deane paid the interest on the note, not in money, but by giving his own note therefor, which the evidence clearly shows was received in full payment, and so agreed upon and understood by the parties at the time. It is undoubtedly true that a check or promissory note received for a debt is not payment, if not itself paid, except in cases where it is positively agreed to be received as payment. (Appleton v. Kennon, 19 Mo. 637; Howard v. Jones, 33 Mo. 583.) But here the evidence shows and the court finds that the note was received in full satisfaction and as absolute payment, and therefore it had the same effect in extinguishing the interest as if cash had been paid down.

As to whether payment of interest by one of several promisors in a note, before the statute of limitation attaches, takes it out of the statute as to the others, is a question, I am aware, on which

there exists great diversity of opinion. But this court has decided the question in the affirmative, and held that such payment by one was good to remove the bar as to all. (Craig v. Callaway, 12 Mo. 94.)

Greenleaf lays down the same doctrine, and says the act of making a partial payment within six years, by one of several joint makers of a promissory note, takes it out of the statute of limitations. (1 Greenl. Ev. 174, and note.)

So it has been held that the payment of interest by the principal debtor, before the statute commences to run, binds the surety and prevents its operation as to him. (Lawrence County v. Dunkle, 35 Mo. 395; Whittaker v. Rice, 9 Minn. 13.)

Whatever views might be taken of the question if it were an original proposition, the law must be regarded as settled in this State. Having reached this conclusion and seen that the note was not barred as to the defendant here, who was a co-maker, it becomes unnecessary to examine the effect of the payment made by the assignee of Deane in bankruptcy.

No material errors being shown by the record, the judgment will be affirmed. The other judges concur.