———o———

THE COUNTY OF VERNON TO USE OF SCHOOL FUND, &c., Appellant, vs. JOHN W. STEWART, Respondent.

1. *Limitations, statute of—Bond—Part payment of, by administrator of one of joint makers, effect of.*—Part payment upon a bond made by the administrator of one of the joint makers within the statutory period will prevent the running of the statute of limitations in favor of the remainder.

*Appeal from Henry County Circuit Court.*

*James B. Gantt,* for Appellant, cited: Craig vs. Callaway county, 12 Mo. 94 ; Black vs. Dorman, 51 Mo. 31 ; Lawrence county vs. Dunkle, 35 Mo. 395 ; 9 Minn. 13 ; Foster vs. Starkey's adm'r, 12 Cush. 324 ; McClurg vs. Howard, 45 Mo. 365 ; Wyatt vs. Hodson, 8 Bing. 309 ; 12 Cush. 325 ; 3 Munf. 191 ; Perham vs. Raynal, 2 Bing. 306 ; Burleigh vs. Scott, 8 Barn. & Cr. 36 ; Pease vs. Hirsh, 10 Barn. & Cr. 122 ; Chippendale vs. Thurston, 4 Car. & P. 98 ; Wyatt vs. Hodson, 8 Bing. 309 ; Sigourney vs. Drury, 14 Pick. 387 ; Corlies vs. Fleming, 32 N. J. 349 ; Bound vs. Lathrop, 4 Con. 336 ; 9 Conn. 496 ; Joslyn vs. Smith, 13 Ver. 353 ; Cox vs. Bailey, 9 Ga. 467 ; Johnson vs. Beardslee, 15 John. 3 ; Wilk. Lim. 87 ; Baxter vs. Penniman, 8 Mass 133 ; Sullivan vs. Holker, 15 Mass. 374 ; Brown vs. Anderson, 13 Mass. 201 ; Emerson vs.

Thompson, 16 Mass. 428; Manson vs. Felton, 13 Pick, 206; Peaslee, Adm'r vs. Breed, 10 N. H. 489; Whitcomb vs. Whiting, 2 Doug. 651.

*B. G. Boone*, for Respondent, cited: Smith's Adm'r vs. Irwin, 37 Mo. 169; Cape Girardeau Co. vs. Harbinson's adm'r, 58 Mo. 90; Van Kuren vs. Parmlee, 2 Coms. 523; Shoemaker vs. Benedict, 1 Kern. 176; Bell vs. Morrison, 1 Pet. 373; 6 Am. (45 Ala. 89) 693; 1 Kas. 437; 9 Pick. 42; Callaway county vs. Nolly, 31 Mo. 393; St. Charles county vs. Powell, 22 Mo. 525; Abernathy vs. Dennis, 49 Mo. 468.

SHERWOOD, C. J., delivered the opinion of the court.

Action on school bond against defendant as one of the sureties thereon. Plea of the statute of limitations.

The cause was tried December term, 1874, of Henry circuit court, by the court without a jury, upon the following agreed statement of facts:

1st. The school bond, the foundation of this suit, was offered in evidence without objection, and was in words and figures as follows: "Twelve months after date, for value received, James Clinton as principal, and John W. Stewart and James W. Morris as securities, jointly and severally promise to pay to the county of Vernon, for the use of the common school fund in said county, the sum of seventy-eight and sixty-one hundredths dollars, to be paid into the treasury of the county of Vernon when this bond shall become due, with interest at the rate of ten per cent. per annum from date until paid, and which interest is payable on the 31st day of December in each year, and in case of default in payment of the interest, or failure of the principal in this bond to give additional security when thereto lawfully required, both the principal and interest shall become due and payable forthwith, and all interest not punctually paid shall become principal and bear interest at the same rate as principal. Witness our hands and seals this first day of January, 1860."

" JAMES CLINTON,   [SEAL.]

" JOHN W. STEWART,  [SEAL.]

" JAMES W. MORRIS.  [SEAL.]"

It had also the following indorsement on it: "Filed and approved by the court February 9th, 1860 ; D. C. Hunter, Clerk, by Allen Blake, Deputy Clerk." Also the following : "$44.33 principal paid December 2, 1869, L. C. Hall, per Wey, and also allowed on the within bond the sum of $98.13, in the third class of demands, June 7, 1867, Albert Badger, Probate Judge."

It was then mutually agreed by plaintiff and defendant that the payment set up in the petition was made as stated in the petition, and that J. P. Maxey was duly and legally appointed and qualified as administrator of James Clinton, one of the obligors named in the bond sued on, and that said Maxey, as administrator of Clinton, on the 2d day of December, 1869, *and before the bar of the statute of limitations had attached or run against plaintiff, made a payment of* $43.33 on said bond. And it was *further agreed that each and every fact stated by plaintiff in his petition was true.*

On part of defendant no evidence at all was introduced, defendant taking the position that plaintiff could not recover on the facts as stated.

The court took the same view of the matter, gave a declaration of law to that effect, and judgment for defendant.

Repeated decisions of this court have settled the matter beyond controversy, that the payment of a portion of a debt evidenced by a promissory note, or similar obligation, by one of the payors before the expiration of the statutory period, would prevent the operation of the statute against the co-maker as well as the party paying. (Callaway county vs. Craig, 12 Mo. 94 ; Lawrence county vs. Dunkle, 35 Mo. 395 ; Block vs. Dorman, 51 Mo. 31.) And no reason is seen why the same principle is not applicable, where, as in the present instance, the legal representative of one of the makers makes a similar payment. The statute, after treating of new promises and acknowledgments in writing, and the effect to be given them, explicitly provides : "Nothing contained in the two preceding sections shall alter, take away, or lessen the effect of a payment of principal or interest by *any person ;* " thus clearly showing that the legislature intended to

make, and did make, a marked distinction between the attendant results of promises or acknowledgments on the one hand, and partial payments on the other. And if that language just quoted will not comprehend the payment by an administrator, it is difficult to see what language, short of a direct designation of the administrator, would be sufficiently comprehensive to accomplish that result. Had Clinton, the principal in the bond, remained alive and made the payment referred to, no doubt could arise, under the foregoing decisions, but that such payments would effectually prevent the operation of the statute as to the defendant. Can it alter the nature of the case, because the duty of paying the debt is devolved upon the administrator, rather than, and instead of, the decedent?

We are clear that it cannot. If the defendant, instead of the administrator had made the payment, could it be seriously doubted that he would have recourse against the estate of his principal? Upon what theory would such recovery be founded, except that of the continued existence of the mutuality and privity incident to the contract at the time of its formation? In McClurg vs. Howard (45 Mo. 365), it was held that although the partnership was dissolved, yet a partial payment before the statute had run by Howard's former co-partners would take the case out of the statute as to him. And it would seem obvious that the dissolution of a co-partnership could accomplish no less towards sundering existing relations, than the death of one of two or more joint obligors. The cases of Smith's adm'r vs. Irwin (37 Mo. 169), and that of Cape Girardeau county vs. Harbison, adm'r, (58 Mo. 90) have not the slightest applicability here; because in neither case had any payment been made by the administrator. In the former an allowance was had against the estate of one of the makers, *after* the statute had attached, and in the latter case, the administrator had in making a deed of trust, acknowledged, after the claim was barred, the existence of the debt. Any remarks, therefore, in those cases, which are *dehors* the controlling facts incident to each, cannot be deemed as possessed of any authoritative value.

Holding these views we shall reverse the judgment, and as it is apparent, from the facts agreed on, that it would serve no useful purpose to remand the cause, we shall direct such a judgment as plaintiff should have recovered below to be entered here. All the other judges concur.