BENNETT v. McCANSE, APPELLANT.

**Amendment of Pleadings at the Trial:** Where to avoid a plea of the statute of limitations, plaintiff averred part payment by the defendant within the statutory period, and upon the trial it ap-. peared that the payment was not made by defendant, but was in fact made by a co-maker of the note, it was no error for the court to permit the pleading to be amended so as to conform to the fact. And the alleged variance between the pleading and the evidence was not material, and therefore, might have been disregarded and the facts found according to the evidence, because the payment before the statutory bar attached by any one authorized to make payment, took the case out of the statute, and the only substantial issue raised by the pleading, was whether, under the circumstances, the statute was a bar.

*Appeal from Dade Circuit Court.*—HON. JOHN D. PARKINSON, Judge.

*N. Gibbs* for appellant cited *Kraft v. Hurtz*, 11 Mo. 109; *Webb v. Tweedie*, 30 Ib. 488; *Clark v. Smith*, 39 Ib. 498; *Hausberger v. P. R. R. Co.*, 43 Ib. 196; *Beattie v. Weakley*, 60 Ib. 72; *Gist v. Loring*, 60 Ib. 487.

*C. W. Trasher* and *H. C. Young* for respondent cited *Moak's Vansantvoord's* Pl. 832, 847; *Rail Road Co. v. Lindsay*, 4 Wall. 650; *Turner v. Moore*, 51 Mo. 501; *Nash v. Towne*, 5 Wall. 689; *Zeigler v. Wells*, 28 Cal. 263; *Union India Rubber Co. v. Tomlinson*, 1 Smith's Com. Pl. R. 383; *Birch v. Benton*, 26 Mo. 153; *Hoyt v. Reed*, 16 Mo. 294; *Henshaw v. Liberty Ins. Co.*, 9 Mo. 333; *Beardslee v. Steinmesch*, 38 Mo. 168; *Beach v. Curle*, 15 Mo. 105; *Erfort v. Consalus*, 47 Mo. 208; *Reeves v. Larkin*, 19 Mo. 192; *Bell v. Scott*, 3 Mo. 212; *Dowd v. Winters*, 20 Mo. 361; *Clements v. Maloney*, 55 Mo. 360; *Wells v. Sharp*, 57 Mo. 56; *Ely v. Porter*, 58 Mo. 158; *McClurg v. Howard*, 45 Mo. 365; *Block v. Dorman*, 51 Mo. 31; *Whitaker v. Rice*, 9 Minn. 13; *Smith v. Anthony*, 5 Mo. 504; *Ashley v. Glasgow*, 7 Mo. 320; *Hill v. St. Louis*, 20 Mo. 584; *Brewer v. Dinwiddie*, 25 Mo. 351; *Harbor v. Pacific R. R. Co.*, 32 Mo. 423; *Downing v. Still, Adm'r.*, 43 Mo. 309.

SHERWOOD, C. J.—Action on promissory note brought August 12, 1872, note dated August 1, 1860, and due in one day. The petition stated that a payment of $152.55 on the note had been made by defendant, October 3rd, 1860, and that on August 1st, 1870, he had made another payment thereon of $18.10. The answer of defendant denied the payment by him of the latter sum, and pleaded the statute of limitations in bar of the action. At the trial the evidence showed that the payment denied was in fact made by Whaley, a co-maker of the note. Thereupon the court permitted the petition to be amended in accordance with the facts proven, and judgment went for plaintiff.

There was no error in granting permission for the amendment. Such amendments are fully authorized by the statute (sections 1, 2, 3, 2nd W. S., pp. 1033-4), as well as sanctioned by repeated decisions of this court, (*Turner v. C. & D. M. City R. R. Co.*, 51 Mo. 501; *Fisher v. Max*, 49 Mo. 404; *Harkness v. Julian*, 53 Mo. 238; *Wells v. Sharp*, 57 Mo. 56.) Nor did the amendment change the issues between the parties. The only substantial issue between the parties was, as to whether the statutory bar had attached or not; nor was there any change in the cause of action; that consisted alone in the debt evidenced by the note in suit.

If the defendant regarded himself as misled by the supposed variance between the pleading and the proof, he should have pursued the statutory method, by filing his affidavit to that effect, and then the court, if satisfied, would not have granted permission to amend, except upon terms. But we do not regard the variance as material, and the court might, therefore, under section 2, *supra,* have disregarded the variance as immaterial, and directed the facts to be found according to the evidence. The payment by Whaley, the co-maker, of the $18.10, before the statutory bar had attached, took the case out of the statute, not only as to himself, but also as to the defendant, (*Craig v. Callaway County Court*, 12 Mo. 94; *Lawrence County v.*

*Dunkle*, 35 Mo. 395,) and the plea of the statute put in issue not only payment by the defendant, but payment by any person authorized to make it. (2 W. S. 921, sec. 30.) For these reasons we shall confirm the judgment. All concur.

AFFIRMED.