W. V. LEACH ET AL., Respondents, v. A. P. ASHER, Appellant.

St. Louis Court of Appeals, February 9, 1886.

1. LIMITATIONS — PART PAYMENT.— The *statute* which provides that *nothing* therein contained *shall alter*, take away, or lessen the *effect of a payment* by any person, refers to such payments as were made prior to the enactment of the statute requiring a written promise, as affecting the statute of limitations.

2. ———— TRUSTEES.— *Part payment* by a trustee, from the proceeds of a *trustee's sale*, of part of a debt secured by the deed of trust can not have the effect of arresting the running of the statute in favor of the debtor on the residue of the debt.

APPEAL from the Butler County Circuit Court, R. E. OWEN, Judge.

*Reversed and remanded.*

S. M. CHAPMAN, for the appellant : To stay the

running of the statute by a part payment, the payment must have been voluntary, and made under such circumstances as to indicate, upon the part of the debtor, a recognition of an unpaid balance which he was liable and willing to pay. Edw. B. & N. (2 Ed.) 641–2 ; *Shoemaker v. Benedict*, 11 N. Y. 185 ; Abb. Trial Ev. 825, and note 2 ; *Pickett v. King*, 34 Barb. 193 ; *Harper v. Fairley*, 53 N. Y. 442–445 ; *McCullough v. Henderson*, 24 Miss. 92 ; *Anderson v. Robertson*, 24 Miss. 389 ; *United States v. Wilder*, 13 Wall. 254, 256 (80 U. S. bk. 20, L. Ed. 682) ; *Kallenbach v. Dickinson*, 100 Ill. 431 ; *Bell v. Morrison*, 1 Pet. 351, 375 (26 U. S. bk. 7, L. Ed. 175). No act of the trustee in transcribing upon the note a history of the sale, can be tortured into evidence of a recognition by the debtor, Asher, of an unpaid balance of debt remaining, which he was willing or liable to pay ; and without such recognition, the bar of the statute would not be stayed or interrupted. Chit. Cont. (6 Am. Ed.) 829, 830 ; *First Nat. Bank of Utica v. Ballou*, 49 N. Y. 159, 160 ; 2 Sm. Lead. Cas. (6 Am. Ed.) 897, side p. 732 ; 3 Pars. Cont. (6 Ed.) 75, and note *h ; Arnold v. Downing*, 11 Barb. 554 ; *Richardson v. Thomas*, 13 Gray 381 ; *Smith v. Ryan*, 66 N. Y. 352 ; *Prenatt v. Runyon*, 12 Ind. 174 ; 2 Sm. Lead. Cas. (6 Am. Ed.) 890 ; *Phillips v. Mahan*, 52 Mo. 197 ; *Waterman v. Burbank*, 8 Met. 352 ; *Roscoe v. Hale*, 7 Gray 274 ; *Stoddard v. Doane*, 7 Gray 388, 389.

ROMBAUER, J., delivered the opinion of the court.

This is an action on a promissory note for $1,244.37, executed by the defendant, January 6, 1872, and payable one day after date, with interest at the rate of ten per cent. per annum.

The petition states that the defendant paid on said note, February 29, 1872, one hundred and fifty dollars, and June 3, 1874, the further sum of two hundred and five dollars, and that the residue is due and unpaid. Suit was instituted September 19, 1883.

The only defence interposed, is the statute of limi-

tations of ten years. The answer denies the recognition of the debt within ten years prior to the institution of the suit, and states that any credits indorsed upon said note since February 29, 1872, were indorsed without the knowledge and assent of the defendant.

The plaintiffs took issue on the answer by reply. On the trial of the cause, the plaintiffs, against the defendant's objection, were permitted to read in evidence the note sued on and the indorsements of payment thereon. The indorsement in controversy was made by one Robert L. Wilson, and is in the following words and figures:

"Land sold under deed of trust, June 3, 1874, for the sum of two hundred and thirty dollars; cost of sale, printer's fee, fifteen dollars; commission of trustee, expense of deed and acknowledgement, ten dollars. Total costs, twenty-five dollars. Net proceeds of sale, two hundred and five dollars, which amount of two hundred and five dollars I place as credit on this note, June 3, 1874.

"Robert L. Wilson,
"Trustee of the deed of trust."

The only additional testimony on this subject was that of Wilson, who testified as follows: "I drafted a deed of trust which was executed by Arthur P. Asher, the defendant herein, and his wife, conveying to me, as trustee, in said deed of trust, the land herein described to secure the note here sued on. I afterwards sold the land by virtue of the power given me in said deed of trust, and Wm. V. Leach, one of the plaintiffs, became the purchaser. As such trustee, after deducting the costs and expenses of sale, I entered and indorsed credit on the back of the note here sued on, for the amount received for the sale of said lands described in the deed of trust, less said costs and expenses of sale. My recollection is that the indorsement of credit is of the same date as the day of sale."

The defendant demurred to the evidence on the ground that it did not disclose a right in the plaintiff to recover. The court refused so to declare and rendered judgment

for the plaintiff. The admission of evidence recited, and the refusal of the court to sustain the defendant's demurrer to the evidence, are assigned for error.

Our statute of limitations, as far as it defines the effect of a new promise or part payment, is similar to that now in force in most of the states. It re-enacts in substance the statute 9 Edw. 4, ch. 14, by which all new promises and acknowledgments must be in writing, but makes an express exception by stating that nothing therein contained shall alter, take away, or lessen the effect of a payment of any principal or interest made by any person. Such was the law when the alleged part payment in this case was made, and has so remained ever since. Gen. Stat., 749, sects. 28, 29, 30; Rev. Stat., sects. 3248, 3249, 3250.

It will be thus seen that while the statute provides that the payment of any principal and interest, made on any debt by any person, shall have the same effect as it had prior to the re-enactment of the statute of 9 Edw. 4; it neither states what that effect shall be, nor by what person such payment may be made, so as to have the effect, but remits us for an answer to these inquiries to the adjudged law on that subject.

The reasoning of the courts on this question has not always been strictly logical. The great weight of authority outside of this state, treats a part payment effectual only as evidence of a new promise, and holds that before such part payment can have the effect of arresting the running of the statute, it must be made either by the promisor, or by some person clad with authority by him to make a new promise on his behalf. *Shoemaker v. Benedict*, 11 N. Y. 185; *Harper v. Fairley*, 53 N. Y. 445; *United States v. Wilder*, 13 Wall. 256 (80 U. S. bk. 20, L. Ed. 682); *Anderson v. Robertson*, 24 Miss. 389; *Roscoe v. Hale*, 7 Gray 274; *Kallenbach v. Dickinson*, 100 Ill. 431; 3 Sm. L. C. (6 Am. Ed.) 862–890, and notes to *Whitcome v. Whiting*.

In this state, however, that rule has not been strictly adhered to. It was decided at an early day in *Craig v. Callaway Co. Ct.* (12 Mo. 94), by a majority of the court,

and against the able dissenting opinion of Judge McBride, that payment of interest by one of several joint obligors in a bond, before the statute of limitations attaches, takes it out of the statute. This decision was reluctantly followed in *McClurg v. Howard* (45 Mo. 368), where it was conceded to be against the current of authority in other states, but was approved in *Block v. Dorman* (51 Mo. 32), and this, notwithstanding the statutory provision then in force, which made the express promise of a joint contractor to pay unavailing as against his co-obligor. Rev. Stat., 1845, 720, sect. 14 ; Gen. Stat., 749, sect. 29.

In *Cape Girardeau Co. v. Harbison* (58 Mo. 95), it was decided that an administrator could not, either by promise, or acknowledgment of the debt by part payment, prevent the running of the statute, wh reas, in *Vernon Co. v. Stewart* (64 Mo. 411), it was decided that he could, the court ignoring the fact that an adminis trator, under our laws, is a statutory trustee, with strictly limited powers, and not, as at common law, a representative of the deceased.

To the extent to which these cases go, this court is bound to follow the rule indicated by them ; on propositions lying beyond them, it is at liberty to follow what it considers the reason of the law supported by the weight of authority in this country.

It will be seen that in all these cases the payment was voluntary and not compulsory, and that in neither of them has the position been sanctioned that any person who has authority to pay any portion of the debt in controversy may bind the original promisor, by payment of such portion, to the payment of the residue. That holding would fritter away the statute. The statute of limitations is entitled to the same respect with other statutes and should not be explained away. Chief Justice Marshal, in *Clementson v. Williams*, 8 Cranch 74

In this case the trustee had power to sell the land and apply the net proceeds of the sale to the payment of

the debt secured, as far as such proceeds went. To give to his powers the widest scope, we may say that he was the promisor's agent thus to apply the proceeds, and that his so doing was an admission by the promisor, that at the date of the application, the amount applied was due on the note. We can not see on what principle known to the law we would be justified to hold that payment of a certain amount by the trustee, who, in regard to the residue of the debt, if any, was a mere stranger, was effectual to bind the promisor in regard to such residue.

It results from the foregoing that defendant's demurrer to the evidence should have been sustained. The judgment is reversed and the cause remanded. Thompson, J., concurs; Lewis, P. J., is absent.