G. S. KEMBLE ex rel. EMIL ROSENBERGER, Respondent,
v. W. S. LOGAN et al., Appellants.

### St. Louis Court of Appeals, March 7, 1899.

Promissory Note: PLEA OF PAYMENT: STATUTE OF LIMITATIONS.  The
burden of proving the plea of payment rested upon the defendants.
In the case at bar, if the credit on the note in suit in July, 1892, was
by authority of one of the makers of the note, it was a complete
avoidance of the bar of the statute of limitations, as to all the makers
of the note.

*Appeal from the Montgomery Circuit Court.*—HON.
ELLIOTT M. HUGHES, Judge.

AFFIRMED.

JAMES D. BARNETT for respondent.

The letter from Carr to Rosenberger in response to the
letter from Sharp to Carr was admissible as evidence for the

purpose of showing that Carr did not consider himself released when he wrote it in 1891.   It is not reasonable that a sane business man would accept a note for $45.20 (for a whisky bill, an illegal transaction) executed by an insolvent party, in payment of a note for borrowed money, the note in controversy which was executed by two solvent parties and on which $139.26 was then due.   The plea is too absurd to be entertained.   The answer of the defendants is not in harmony with their testimony.   The defendants did not pretend to introduce any evidence in support of the numerous credits set up in their answer. The evidence shows without a shadow of a doubt that the indorsement of $5 on July 16, 1892, was defendant Carr's money and this took the note out of the statute of limitations.

T. W. Thompson with Johnson & Drunert for appellants.

The plaintiff relies on two points to save the note from the bar of the statute:   First.   Defendant Carr's letter dated the twenty-fourth day of November, 1891.   Second. · The payment of $5 on the sixteenth day of July, 1892.   The defendants rely:   First.   On the statute of limitations.   Second. The contract of release made with Rosenberger by which Rosenberger accepted the McClure note as a full release of Carr's liability on the note sued on.   Third.   That the release of defendant Carr operated as a release of defendant Logan.   An indorsement of partial payment, made on a note by the holder without the privity of the maker, is not of itself sufficient in evidence of payment to repel a defense created by the statute of limitations; but such indorsement made by the consent of the maker is sufficient.   Phillips v. Mahan, 52 Mo. 197; Goddard v. Williamson's Adm'r, 72 Mo. 131; Loeffel v. Harris, 11 Mo. App. 133; Loewer v. Haug, 20 Mo. App. 163; Beck v. Haas, 31 Mo. App. 180.   Indorsements before the statute begin to run are *prima facie* evidence, but indorsements made

after the statute begins to run are not. Carter, Adm'r, v. Carter, 44 Mo. 195. Credits made after the statute begins to run are not *prima facie* evidence, and it must be shown when the same was made before being read in evidence. Loewer v. Haug, 20 Mo. App. 163; Goddard v. Williamson's Adm'r, 72 Mo. 131. When an indorsement is shown to have been made at the time it bears date, the presumption is that the money mentioned in it was paid at that time. 1 Greenl. Ev., sec. 122 "Whatever discharges the principal will discharge the guarantor or surety, whether that discharge arises from payment or release." In the case at bar, if defendant Carr was released, defendant Logan was also released. Bank v. Schmucker, 7 Mo. App. 171; Eggeman v. Henschen, 56 Mo. 123. "Any diversion of the paper from its intended use, or alteration of its terms, will likewise discharge the surety. Also where his interest has been changed he will be discharged." If defendant Carr was released, a very material change was made in the original contract. Ferguson v. Turner, 7 Mo. 487.

BOND, J.—On the fifth day of July, 1880, defendants executed their note for $200, to the order of Thomas Kemble, payable in ninety days, with ten per cent interest. Plaintiff as legatee under his father's will, brought suit on the above note in 1897, averring in his petition certain credits thereon, the last being for $5, and dated July 16, 1892. Defendants answered by a general denial, plea of certain credits, and $45.20 paid and accepted in full satisfaction not later than 1884. They also pleaded the statute of limitations. The reply reaffirmed the allegations of the petition and averred also a written acknowledgment of the debt in 1891, The cause was submitted to the court without a jury. Plaintiff asked no declarations of law, and the court gave all those requested by the defendant, and found the issues in favor of plaintiff. Defendants appealed.

A full consideration of all the testimony shows that there is nothing before the court for review. Plaintiff's evidence

shows that one of the defendants in 1891 wrote to Rosenberger, the attorney in charge of the note, inquiring what had been done with it, and asking if $100 would be accepted in settlement. Rosenberger also testified that the $5 credited on the note July 16, 1892, was the proceeds of a collateral note for $45.20 placed in his hands for collection and application upon the note in suit by one of the defendants. It is true the defendant, who indorsed this note for $45.20 and delivered it to Rosenberger, testifies that it was given and received in full payment of the note in suit and not as collateral security, but it was the exclusive duty of the trier of the facts to determine which of the two conflicting statements as to this transaction was the more credible. The burden of proving the plea of payment rested upon the defendants. Griffith v. Creighton, 61 Mo. App. 1. The note in suit was not delivered up, as it should have been if it was paid in the year 1884, as averred in the answer, hence it is clear we have no power to review the finding of the trial court against the defendants upon their plea of payment. The plaintiff gave evidence tending to prove that the credit entered on the note in suit July, 1892, was by authority of one of the makers of the note. If this was true, as the court found it to be, it was a complete avoidance of the bar of the statute as to all of the makers of the note. Goddard v. Williamson, 72 Mo. 133; Bennett v. Mo. Canse, 65 Mo. 194; Craig v. Callaway Co., 12 Mo. 94; Gardner v. Early, No. 7287, of this court, unreported.

It being apparent that the verdict is supported by substantial evidence, the judgment herein is affirmed. All concur.