CLINTON COUNTY to use of TOWNSHIP 54, RANGE 30, v. E. T. SMITH and E. C. HALL, Appellants.

Division One, November 29, 1911.

1. SCHOOL BOND: Payments: Credit on County Records: Account. Payments by the principal on a township-school-fund bond and the crediting of them by the county clerk in the records of the county court, and his failure to indorse such payments on the bond itself, did not make the principal indebted to the county on an open account, and did not make the bond executed by him and his sureties a collateral agreement to pay that account, and did not keep the Statutes of Limitations from running as to the sureties.

2. ———: Liability of Surety: Limitations. In so far as the rights of the county are concerned, the principal and sureties on a township-school-fund bond are to be considered as joint promisors, and a payment of any sum on the bond by the principal before the Statute of Limitations runs is binding on all alike; and if an action on the bond is not barred as to the principal it is not barred as to the sureties; nor does the fact that the payments when made were entered upon the records of the county court, instead of being indorsed as credits on the bond itself, change the legal effect of the payments, or lessen the liability of the sureties.

3. ———: ———: Laches: Delay in Bringing Suit. Since the sureties and principal on a township-school-fund bond are joint promisors and alike liable for its payment, mere delay in bringing the suit against the principal, for any length of

time, short of the period fixed by the Statute of Limitations, does not amount to laches and does not relieve the surety from liability to pay when sued. The principal was under no greater legal obligation to pay the county the amount of the bond than were the sureties.

Appeal from Clinton Circuit Court.—*Hon. John G. Park,* Special Judge.

AFFIRMED.

*W. S. Herndon* and *E. C. Hall* for appellants.

(1) The payments, if made, were on the loan account and not on the bond, which was given as personal security required by the statute. (2) Any payments made were properly credited on the loan account and not on the bond, as the bond, like the mortgage on the real estate, was given as a security for the loan. It was no more evidence of the loan than the mortgage. (3) The loan account, if competent evidence, showed that on January 1, 1895, there was default in the payment of interest which was never paid, and for more than twelve years the plaintiff had a cause of action on the bond (except for the Statute of Limitations) against defendant for such default. And it was not optional. (4) One of the express conditions of the bond was: "And it is further agreed and understood, as a condition of this bond, that should default be made in the payment of the interest when due, or should the principal of this bond fail to give additional security hereunto when lawfully required, in either case both the principal and interest shall become due and payable forthwith." So that the surety could rest assured that the real estate, as long as it was worth $500, made him safe. (5) Where the obligee has done anything to injure the surety the court is glad to lay hold of it in favor of the surety. 1 Brand on Surety & Guaranty, sec. 93. And the claim against the surety

must be *strictissimi juris.* As to the first proposition: "'A bond is a specialty, being under seal.'" 4 Am. & Eng. Ency. Law, p. 620, and note 2. A bond by a third party, that is, one other than the debtor, or promisor, is, however, regarded as a guaranty. 4 Am. & Eng. Ency. Law, p. 620. If the payments on this loan can be considered as payments on the bond we contend that such payments would not raise a new promise as to defendant E. C. Hall, the surety. 19 Am. & Eng. Ency. Law, p. 309; R. S. 1909, secs. 1909, 1910 and 1911; Leach v. Asher, 20 Mo. App. 659; Zervis v. Unnerstall, 29 Mo. App. 474; Maddox v. Duncan, 62 Mo. App. 476. It is held by many of the states that the payment of interest by a joint obligor will bind only the one making the payment. And the ground seems to be that such payment is equivalent to a new promise and acknowledgment of the debt. McBride v. Hunter, 64 Ga. 655; Davis v. Mann, 43 Ill. App. 301; Dougherty v. Hoffstetter, 12 Ind. App. 699; Steel v. Souder, 20 Kan. 39; Walters v. Knapp, 23 S. C. 578; Succession of Voorhees, 21 La. Ann. 659; Ettinge v. Hull, 2 Dem. Sur. (N. Y.) 562; Probate Judge v. Stevenson, 55 Mich. 320; Exeter Bank v. Sullivan, 6 N. H. 124; Meitzler v. Todd, 12 Ind. App. 381; Gould v. Cayuga Co. Nat'l Bank, 86 N. Y. 75; Decatur v. Lainer, 7 Ala. 595; Hunter v. Robertson, 30 Ga. 479; Littlefield v. Littlefield, 91 N. Y. 203; 25 Cyc., pp. 1355-1356. (6) The loan of the school fund in this case was made to Elias T. Smith, and an account of the same was kept by the county clerk upon the books of the county, and when Smith made payments of interest or principal the same were credited on said account and not on the bond, which was given as personal security for the loan, as required by section 10816, Revised Statutes 1909, which is the same as the section under which the loan here was made. In this case the bond did not bear interest, but the debt, which the bond guaranteed, did bear interest, and consequently became a part of

the loan debt, and the payment of interest in no way released or reduced the liability of the surety on the bond or changed his status in any way (except to make the debt become due), as he was bound for the penalty of the bond only. Then how could any payment made by the principal on the loan be regarded as a new promise on the part of the surety to pay the bond, or penalty? It is said, the reason why the payment of interest is considered a new promise by the one who makes it is because interest is considered a part of the debt. Brown v. Latham, 58 N. H. 30; Am. and Eng. Anno. Cas., p. 980; 19 Am. & Eng. Ency. Law, 309. The payments made by Smith did not toll the Statute of Limitations as to defendant Hall, because his liability was not a joint liability. The plaintiff must allege and prove a default on the part of Elias T. Smith that is a breach of the conditions of the bond, and damages to be satisfied out of the penalty. Regan v. Williams, 185 Mo. 628, 88 Mo. App. 577; Maddox v. Duncan, 62 Mo. App. 474; Munroe v. Herndon, 110 Mo. App. 509; Thompson v. Thompson, 121 Mo. App. 524.

*Lester B. Hooper* for respondent.

All the questions raised by appellant in this cause pertinent to the issues, are answered and fully settled. Vernon County v. Stewart, 64 Mo. 408. The case of Maddox v. Duncan, 143 Mo. 621, and Regan v. Williams, 185 Mo. 628, strongly uphold the early case of Vernon County v. Stewart, and utterly annihilate appellant's contention that the Statute of Limitations avails him in this case.

WOODSON, J.—This was a suit brought by the relators against the appellants on a school bond, executed by E. T. Smith as principal and E. C. Hall and Daniel Smith sureties, to recover the amount due thereon. The bond was for five hundred dollars, bear-

ing eight per cent interest and was secured by a mortgage or deed of trust upon certain real estate described in the pleadings.

The suit was brought after various payments of the principal and interest had been paid; also after the real estate had been sold under the deed of trust, and the proceeds thereof had been credited thereon. There was still due thereon, at that time, approximately the sum of $714.55.

The trial was had before the court without the intervention of a jury, which resulted in a judgment for the respondent and against the sureties, for the penalty of the bond, and eight per cent interest thereon until paid.

E. T. Smith the principal was never served and Daniel Smith suffered a judgment by default against him. After unsuccessfully moving for a new trial and in arrest of judgment, Hall appealed to this court.

The bond sued on was in the following words and figures:

"State of Missouri, County of Clinton.

"Know all men by these presents, that we, Elias T. Smith, as principal, and . . . . . . . . . . . as sureties, jointly and severally firmly bind ourselves and our respective heirs, executors and administrators to the county of Clinton, State of Missouri, in the sum of $500, to be paid to said county for the use and benefit of the school fund of township 54, range 30, of said county, to the payment whereof we jointly and severally bind ourselves, our heirs, executors and administrators firmly by these presents. Sealed with our seals and dated the 1st day of September, A. D. 1890. The conditions of this bond are: That whereas, the said Elias T. Smith, principal, has this day borrowed from said county the sum of $500, belonging to the capital school fund of township 54, range 30, of said county, which said sum of money the said principal and sureties agree to pay to said county for the use and bene-

fit of the said township school fund on or before the
.... day of ........, A. D. 18.., with interest thereon
from the date hereof until paid at the rate of eight
per cent per annum, said interest to be paid annually
on the .... day of ........ of each and every year
until the whole debt shall be paid off and discharged.
Now, therefore, if the principal and sureties shall well
and truly pay or cause to be paid the said sum of
money borrowed and the interest thereon according
to the tenor and effect of this bond, then this obligation
shall be void; otherwise, it shall remain in full force.
But it is expressly agreed and understood that all in-
terest not punctually paid when due, shall, when due,
be added to the principal and shall bear interest at
the same rate as the principal until paid.  And it is
further agreed and understood as a condition of this
bond that should default be made in the payment of the
interest when due, or should the principal of this bond
fail to give additional security hereunto when law-
fully required, in either case both the principal and
interest shall become due and payable."  Then fol-
lowed the signatures of the parties.

While the bond is not dated, yet the petition stated
and the evidence showed that the bond was executed
on September 1, 1890.

Counsel for appellant Hall asked the following
declarations of law, which were by the court refused.

"1.  The court, sitting as a jury, declares the law
to be:  That under the pleadings and evidence in this
case, the finding must be for the defendant, E. C. Hall.

"2.  The court, sitting as a jury, declares the law
to be:  That under the evidence, the liability of the
defendant, E. C. Hall, on the instrument sued on was
a collateral liability, and that the payment of part of
the interest thereon by the principal, E. T. Smith, did
not prevent the running of the Statute of Limitations
as to the said defendant, E. C. Hall.

"3. The court, sitting as a jury, declares the law to be: That if the court finds that the defendant E. C. Hall was surety on the bond sued on, and further finds that by the laches of the plaintiff or its agent, the county court, the said E. C. Hall was injured, then such surety should be relieved from liability to the extent of such injury, if any."

The court made a special finding of facts and gave certain conclusions of law, which were as follows:

"I have carefully considered the defense based upon the Statute of Limitations. The bond is dated September 1, 1890, and the penalty is $500, Mr. Smith, the principal, on January 7, 1891, paid $13.30; February 3, 1892, $40; October 5, 1897, $70; October 7, 1903, $20; December 9, 1904, $20; April 3, 1906, $200, and the sale of the mortgaged premises produced a net credit on the bond of $192.20, December 5, 1906. Mr. Hall has paid nothing on the bond and has never acknowledged the debt.

"In this case, Daniel Smith's and E. C. Hall's signatures appear at the foot of the instrument after Elias T. Smith's, and although the recitals do not show in what capacity Daniel Smith and Mr. Hall acted, they are, beyond question, not principals, but sureties. But being sureties, signing the bond with their principal, and at the same time, they made the identical contract which he made, and, under the issues here, are bound to the precise extent to which he is bound. They are all payors and comakers.

"There is, therefore, no escape from the conclusion that this case is governed by Vernon County v. Stewart, 64 Mo. 408. The ten-year limitation (R. S. 1899, sec. 4272) is not available to defendants, and the finding and judgment must be for plaintiff.

"Plaintiff has alleged that the amount due on the bond was, on September 21, 1906, $714.55. A computation of principal, interest and credits shows that on June 10, 1904, when action was brought, $685.92 was

the amount of the debt.  The best authorities are to the effect that the liability of the surety, at the time recourse is had on the bond, is limited to the penalty of the bond.  If, after that, the surety fails or refuses to pay, he is liable for interest and damages for detention of the fund.  [27 Am. & Eng. Ency. Law (2 Ed.), 453; Brighton Bank v. Smith, 12 Allen, 243, 90 Am. Dec. 144; Insurance Co. v. Swain, 189 Pa. St. 626, 42 Atl. 297; Folz v. Trust Co., 201 Pa. St. 583, 51 Atl. 379; Thomas Laughlin Co. v. Surety Co., 114 Fed. 627.]

"Judgment, therefor, will go for the plaintiff for the amount of the penalty of the bond with interest after service of summons, June 12, 1907, at eight per cent per annum, the contract rate, $538.55."

I.  Counsel for appellant make and discuss many legal propositions in their briefs, but in the view we take of the case it is only necessary to notice two of them, namely: the Statute of Limitations and the alleged laches of the plaintiff in not bringing its suit at an earlier date.  We will consider those questions in the order stated.

The record shows that E. T. Smith, the principal in the bond, made the following payments at the dates stated, namely: January 7, 1891, $13.30; February 3, 1892, $40; February 6, 1893, $40; January 15, 1894, $40; October 5, 1897, $70; October 7, 1903, $20; December 9, 1904, $20; April 3, 1906, $192.20, the proceeds of the sale of the land under the deed of trust.

This record shows that instead of those payments being indorsed upon the bond, the clerk of the county court, whenever a payment was made, would give Smith, the principal in the bond, credit therefor on the records of the court.

From that course of dealing, counsel for appellant Hall seems to have reached the conclusion that Smith, the principal in the bond, was indebted to the county for the use of the school district on an open

account, and that the bond sued on and executed by
E. T. Smith and the sureties was only a collateral
agreement to pay that account. Manifestly that is the,
view of respondent's counsel, as clearly appears from
the second declaration of law asked by them.

With all due respect for their ability and legal
learning, we are constrained to take a different view
of the transaction. The record no where shows that
E. T. Smith was indebted to the county on account,
for any sum, for any purpose, but it does show that he
borrowed from the county on September 1, 1890, $500
of the school district mentioned, and that he executed
the bond in suit therefor with Daniel Smith and E. C.
Hall as sureties.

In so far as the county is concerned, all three are
to be considered as joint promissors, and the payment
of any sum on the bond by the principal before the
Statutes of Limitations runs is binding upon all of
them alike. This is fully settled by this court in the
case of County of Vernon v. Stewart, 64 Mo. 408.
There, as here, the suit was on one of these school
bonds, and the defense was the Statute of Limitations,
the same as here. The bond in that case was exe-
cuted January 15, 1860, and some four or five years
thereafter the principal in the bond died, and the ad-
ministrator to his estate was duly appointed and qual-
ified. The bond was duly presented to the probate
court for allowance, and was by that court allowed,
June 7, 1867, and assigned to the third class of de-
mands; and on December 2, 1869, the administrator
of said estate paid on said demand the sum of $44.33.
Some time after January 15, 1870, and prior to De-
cember, 1874, suit was brought on said bond against
the sureties, to recover the balance remaining due
thereon. As before stated, the ten-year Statute of
Limitations was interposed as a defense by the sure-
ties. In discussing that question, on page 410, the
court in speaking through SHERWOOD, C. J., said:

"Repeated decisions of this court have settled the matter beyond controversy, that the payment of a portion of a debt evidenced by a promissory note, or similar obligation, by one of the payors before the expiration of the statutory period, would prevent the operation of the statute against the comaker as well as the party paying. [Craig v. Callaway County, 12 Mo. 94; Lawrence County v. Dunkle, 35 Mo. 395; Block v. Dorman, 51 Mo. 31.] And no reason is seen why the same principle is not applicable, where, as in the present instance, the legal representative of one of the makers makes a similar payment. The statute, after treating of new promises and acknowledgments in writing, and the effect to be given them, explicitly provides: 'Nothing contained in the two preceding sections shall alter, take away, or lessen the effect of a payment of principal or interest by any person;' thus clearly showing that the Legislature intended to make, and did make, a marked distinction between the attendant results of promises or acknowledgments on the one hand, and partial payments on the other. And if that language just quoted will not comprehend the payment by an administrator, it is difficult to see what language, short of a direct designation of the administrator, would be sufficiently comprehensive to accomplish that result. Had Clinton, the principal in the bond, remained alive and made the payment referred to, no doubt could arise, under the foregoing decisions, but that such payments would effectually prevent the operation of the statute as to the defendant. Can it alter the nature of the case, because the duty of paying the debt is devolved upon the administrator, rather then, and instead of, the decedent?

"We are clear that it cannot. If the defendant, instead of the administrator had made the payment, could it be seriously doubted that he would have recourse against the estate of his principal? Upon what theory would such recovery be founded, except

that of the continued existence of the mutuality and privity incident to the contract at the time of its formation? In McClurg v. Howard, 45 Mo. 365, it was held that although the partnership was dissolved, yet a partial payment before the statute had run by Howard's former copartners would take the case out of the statute as to him. And it would seem obvious that the dissolution of a copartnership could accomplish no less towards sundering existing relations, than the death of one of two or more joint obligors. The cases of Smith's Adm'r v. Irwin, 37 Mo. 169, and that of Cape Girardeau County v. Harbison, Adm'r, 58 Mo. 90, have not the slightest applicability here; because in neither case had any payment been made by the administrator. In the former an allowance was had against the estate of one of the makers, after the statute had attached; and in the latter case, the administrator had in making a deed of trust, acknowledged, after the claim was barred, the existence of the debt. Any remarks, therefore, in those cases, which are *dehors* the controlling facts incident to each, cannot be deemed as possessed of any authoritative value."

In the case at bar we are not required to go to the same length that this court did in that case. Here E. T. Smith, the principal in the bond, made the payments on the bond in person, before the statute had run, and not by his administrator, as was done in the case cited.

By the case of Regan v. Williams, 185 Mo. l. c. 628, the rule in the case last cited is somewhat limited, and rightfully so, in my opinion, yet that limitation does not affect the case at bar, but restates the rule more clearly than any case which I have been able to find. In that case the court said:

"II. In reply to the defense that the Statute of Limitations had run against the note before this action was begun, plaintiff asserts that the payments of in-

terest by the Scott Investment Company and Carey to March 21, 1892, prevented the running of the statute, not only in favor of said parties but of the defendant as well. The ruling that payment by a principal will suspend the statute as to a surety is invoked as applicable, because by operation by law, the subsequent grantees of the land covered by the deed of trust became principals and the defendant a surety. The proposition contended for is sound enough, generally speaking. [Craig v. Calloway Co. Ct., 12 Mo. 94; McClurg v. Howard, 45 Mo. 365; Block v. Dorman, 51 Mo. 31; Vernon County v. Stewart, 64 Mo. 408; Bennett v. McCanse, 65 Mo. 194.] These payments were made while the note was still alive, and the rule is well established that payments made by the principal, or by one of several joint obligators, before the debt is barred, will stop the statute. But the reason why a payment by the principal stops it as to a surety, is not because one is principal and the other surety, but because both are usually joint promisors; that is, the surety is affected by the act of the principal in his capacity as a joint promisor. The idea is that persons who jointly bind themselves are all liable to the promisee by virtue of their original agreement, so that performance or part performance by one is the act of all. [Sigourney v. Drury, 14 Pick. 387; Brandam v. Wharton, 1 Bar. & Ald. 463; Atkins v. Tredgold, 2 Bar. & Cres. 23.] The principal only applies where the payment was made by one originally liable. [Sigourney v. Drury, supra.]"

And in Maddox v. Duncan, 143 Mo. l. c. 621, this court said:

"In Craig v. Callaway County, 12 Mo. 94, it was ruled that the payment of interest by one of several joint obligors in a bond before the Statute of Limitations attaches takes it out of the Statutes of Limitations as to the others. So it was held in Vernon County

to use, etc. v. Stewart, 64 Mo. 408, that part payment made upon a bond by the administrator of one of the joint makers within the statutory period would prevent the running of the Statute of Limitations in favor of the other makers of the bond. And in Bennett v. McCanse, 65 Mo. 194, it was intimated that part payment of a note by a comaker will arrest the running of the statute as against all the parties to the note. The same rule was announced in Bender v. Markle, 37 Mo. App. 234. When this case was before the St. Louis Court of Appeals (Maddox v. Duncan, 62 Mo. App. 474), ROMBAUER, J., in delivering the opinion of the court, said: 'In Leach v. Asher, 20 Mo. App. 656, and Zervis v. Unnerstall, 29 Mo. App. 474, we reviewed the decisions in this State on that subject and were forced to conclude that the rule as stated in Craig v. Callaway County Court, supra, was the rule prevailing in this State, whatever the rule may be in other jurisdictions.' "

If we follow the rule announced in the foregoing cases, then we must hold in the case at bar, that the respondent's cause of action is not barred by the Statute of Limitations, for the reason that the payments were made by E. T. Smith, the principal in the bond, which is binding upon his sureties or joint promisors, and the mere fact that the payments were entered upon the records of the county court, instead of the bond itself, does not change the legal effect of the payments.

We are therefore of the opinion that the trial court properly refused the second declaration of law asked by counsel for appellants.

II. It is finally insisted by counsel for appellants, that respondent should be debarred of a right of recovery for the reason that it has been guilty of laches by the great delay in bringing this suit.

This claim is clearly devoid of all merit, for the simple reason that the record shows that insofar as the respondent is concerned, the principal in the bond, E. T. Smith, and the sureties, Daniel Smith and E. C. Hall, were joint promisors, and under those facts, it was no more the duty of the respondent to sue E. T. Smith, one of the makers, in the absence of the statutory notice, than it was to sue the other two joint promisors, Hall and Smith, and the mere delay, short of the statutory period of limitation, in suing any one of them will not release the others.

Moreover, insofar as the respondent is concerned, it was just as much the duty of appellant, Hall, to go and pay off and satisfy the bond, at is was the duty of E. T. Smith. This is elementary, and has been so frequently adjudicated by this and other courts of the State that it would be a useless waste of time to cite additional authorities in support thereof.

If appellant objected to the delay of respondent, why did he not pay off and discharge the bond as he agreed to do, and then look to E. T. Smith, since they as between themselves were not joint promisors? By so doing, the school district would have lost nothing, nor would the respondent, for the reason that he could by proper proceedings have subjected the real estate conveyed by the deed of trust to the county to secure the loan, and thereby have reimbursed himself for the money so paid by him on the bond, which was more than ample for that purpose, if the evidence offered upon that point by appellant is true.

Finding no error in the record, the judgment is affirmed.   All concur.