# WILLIAM P. KESSLER et al., Appellants, v. EDWIN OLIVER KUHNLE et al., Respondents.

**St. Louis Court of Appeals, July 5, 1913.**

1. **INTEREST: Compounding Interest Semiannually: Statute.** Under Sec. 7185, R. S. 1909, providing that parties may contract in writing for the payment of interest upon interest, but that interest shall not be compounded oftener than once a year, where a note for ten years, secured by a deed of trust, was accompanied by twenty semiannual interest notes, each for six months' interest, one of which matured at the end of each six months and bore interest from maturity, the provision for interest on such notes after maturity was void, since, if enforced, it would result in compounding the interest oftener than once a year, and hence only simple interest on the original note was recoverable.

2. ————: ————: ————: **Chattel Mortgages.** A violation of Sec. 7185, R. S. 1909, by providing in a note that the interest thereon shall be compounded more often than once a year, does not vitiate the lien of a mortgage given to secure the note, but merely makes that portion of the note void.

3. **MORTGAGES AND DEEDS OF TRUST: Foreclosure: Provision for Surplus and Deficiency: Form of Decree.** In an action by a corporation against its former president, it was adjudged that the corporation should be invested with the title to land purchased by the president in his own name, upon which he had given a deed of trust, on condition that the corporation take up the notes secured by the deed of trust and relieve the president from personal liability thereon. It did take up such notes, indorsed thereon a release of the president from liability, and transferred them for value to a third person. The trustee, in behalf of the transferee, then commenced foreclosure proceedings, which the president sought to enjoin, in which suit the transferee filed a cross-bill praying for a foreclosure. Pending an appeal from the foreclosure decree to the Court of Appeals, the Supreme Court reversed the judgment in the first action, and a motion for a rehearing was filed. *Held*, that the reversal of the judgment in the first action, if made final, would annul all that was done under that judgment, and would restore the *status quo*, so far as concerned the president's relation to the notes, so as to entitle him to any surplus on a foreclosure sale and make him liable to the transferee for any deficiency. *Held, further*, that if, after the foreclosure case was remanded, the circuit court should enter a

decree of foreclosure before the Supreme Court had passed upon the motion for a rehearing in the first action, such decree should provide for the depositing of any surplus with the clerk or in the registry of the court until a final judgment was entered in that action, and that, upon such judgment being entered, the surplus should be paid to the party entitled thereto under such judgment, and that such decree should make no provision for a deficiency judgment unless and until the judgment of reversal in the first action should become final.

Appeal from Lincoln Circuit Court.—*Hon. B. H. Dyer*, Judge.

REVERSED AND REMANDED (*with directions*).

*R. L. Sutton* and *John B. Dempsey* for appellants.

(1) (a) The striking of plaintiffs' amended reply and the rejection of plaintiffs' offer to pay into court the amount of the mortgage when ascertained was erroneous. 3 Cyc. 483; Kessler v. Kuhnle, 158 Mo. App. 636. (b) When specific directions given in a mandate are incomplete, or insufficient to meet the requirements of the case, such action, not inconsistent with the directions given, may be taken by the lower court as necessity and the nature of the case requires. 3 Cyc. 483. (c) *A fortiori*, this is true, where the mandate recognizes a certain discretion. 3 Cyc. 483. (2) The decree entered in this case upon the defendant's cross-bill amounts to a binding personal judgment against plaintiffs. Porter v. Faton, 26 Wis. 382; Aldrich v. Maitland, 4 Mich. 205; Schertz v. Bank, 47 Ill. App. 139; Marsh v. Sanders, 14 Neb. 8; Tiff v. Keaton, 78 Ga. 235; LaPorte v. Organ, 5 Ind. App. 371; Adams v. Walker, 59 Ga. 506; Knotts v. Crossly, 95 N. W. 848; Bludworth v. Poole, 21 Tex. Civ. App. 551; Little v. Cook, 1 Aik. 363. (3) The dismissal of plaintiff's bill and the dissolution of the injunction was erroneous. This was contrary to the directions of the court and against the law as announced in this case upon the former appeal. Kessler v. Kuhnle, 158

Mo. App. 636; Commission Co. v. Spencer, 236 Mo. 629. (4) The statute in express terms forbids the compounding of interest oftener than once in a year. Sec. 7185, R. S. 1909; Bank v. Donnell, 172 Mo. 384. (5) The failure of the court to expressly foreclose the rights and interest of the Prairie Slough Fishing & Hunting Club in the land, as directed by this court, is vital error. Kessler v. Kuhnle, 158 Mo. App. 636.

*R. H. Norton* and *Charles W. Bates* for respondents.

(1) There was no error in striking appellants' amended reply from the files. Kessler v. Kuhnle, 158 Mo. App. 636. In so far as the amended reply is the same as the petition it is disposed of in disposing of the petition. But it was improper from any standpoint. R. S. 1909, sec. 1809; Platt v. Parker Washington, 161 Mo. App. 663. In so far as the amended reply seeks affirmative relief different from or in addition to that sought in the petition, it is a departure, and should have been striken out. Rhodes v. Lumber Co., 105 Mo. App. 279; Ham v. Railroad, 149 Mo. App. 200; Platt v. Parker Washington Co., 161 Mo. App. 663; Mathieson v. Railroad, 219 Mo. 542; Philibert v. Brush, 4 Mo. App. 470; Redmond v. Hampton, 26 Mo. App. 504; Chem. Co. v. Lackawana Line, 70 Mo. App. 274; Ricketts v. Hart, 73 Mo. App. 647. (2) The decree entered in this case is not a personal judgment against any one. Johnson v. Holley, 27 Mo. 594; Farley Bros. v. Cammann, 43 Mo. App. 168. If the decree is not clear in its terms (though we contend it is clear in the case at bar) the record proper must be looked to and it clears up all doubts. Johnson v. Holley, 27 Mo. 594; McDonald v. Frost, 99 Mo. 44; Smith v. Kiene, 231 Mo. 215. (3) The dismissal of appellants' petition and dissolution of the temporary injunction was not only proper but was necessary under the mandate of this court on the

first appeal wherein this court held that the owners of the notes had the right to foreclose the deed of trust for the default, and directed the circuit court to decree a foreclosure. The order restraining foreclosure was of necessity dissolved. Kessler v. Kuhnle, 158 Mo. App. 636; McGrew v. Railroad, 118 Mo. App. 379; Charles v. Railroad, 125 Mo. App. 293; Pond v. Herling, 125 Mo. App. 475; Cartwell v. Johnson, 236 Mo. 575; Dunn v. Nicholson, 125 Mo. App. 725. (4) There being default in the payment of the notes secured by the deed of trust, equity will not enjoin sale of the lands in opposition to the express terms of the deed of trust. Word v. Augustine, 61 Mo. 46; 39 Cyc. 348 and 352. (5) Neither appellants' petition nor their amended reply states a cause of action, and appellants have no right to any relief whatever. The judgment in the case of Prairie Slough Fishing & Hunting Club v. the Kesslers is *res adjudicata* and binding, notwithstanding the appeal. R. S. 1909, sec. 2042; Rodney v. Gibbs, 184 Mo. 1; Beck v. Dixon, 147 Mo. App. 69; Hudelmeyer v. Hughes, 13 Mo. 87; Edmonson v. Carter, 180 Mo. 515; Fiene v. Kirchoff, 176 Mo. 516; Hickerson v. Mexico, 58 Mo. 61; Parker v. Street, 39 Mo. App. 616; Manfee v. Beverforden, 95 Mo. App. 105; Fisher v. Ansyln, 30 Mo. App. 316; McGuire v. Labeaume, 7 Mo. App. 179; Weeks v. McPhail, 129 N. C. 73; Brown v. Tillman, 121 Ala. 626; 23 Cyc. 1216, 1233, 1239-1240.

ALLEN, J.—This case is here upon second appeal. The decision of this court in the cause upon the former appeal will be found reported in 158 Mo. App. 636, 138 S. W. 944, to which reference is made for a more complete statement of facts than is here made.

On or about October 18, 1907, the plaintiffs in this action, William P. Kessler and his wife (appellants here) took title to certain lands in Lincoln county by warranty deed from one Naxera and one Knight and

their wives. As part consideration therefor, appellants executed their principal note for the sum of $6000, dated October 18, 1907, payable ten years after date to the order of Naxera and Knight, bearing interest from maturity at the rate of eight per cent per annum, and likewise twenty semiannual interest notes, each for the sum of $180, maturing one at the end of every period of six months thereafter, and each also bearing interest from maturity at the rate of eight per cent per annum. To secure payments of these notes, appellant executed a deed of trust upon the land, of even date therewith, to defendant Kuhnle, as trustee.

At the time of this purchase, appellant Kessler was a director and president of the defendant, Prairie Slough Fishing & Hunting Club, a corporation organized under the provisions of what is now article 10, chapter 33, Revised Statutes 1909, and the latter, in February, 1909, instituted an action in equity against appellants upon the theory that they acted for the corporation in purchasing the land, charging that they perpetrated a fraud upon the corporation in taking title thereto in their own names. In that action, viz., Prairie Slough Fishing & Hunting Club v. Kessler et al., the lower court entered a decree vesting the title to the land in the corporation, upon compliance by it with certain conditions named in the decree. From this judgment of the circuit court divesting them of title, the defendant in that case (plaintiffs in this) appealed to the Supreme Court, where in a decision recently rendered by that court, as yet unreported, the judgment of the trial court was reversed upon the ground that the corporation was without power to take and hold title to the property in question. Pending the appeal in that case, however, this action was instituted in equity by the appellants to restrain a sale of the property in question about to be had un-

176 Mo. App. 26

der the terms of the deed of trust, default having been made in the payment of the semiannual interest notes, beginning with the one maturing October 18, 1909, which, under the terms of the deed of trust, matured all of the notes secured by it for the purpose of foreclosure. The action was instituted against the trustee in the deed of trust, the corporation, and the unknown holders of the notes. The respondent Karbe, the holder of said notes, entered his appearance and filed an answer and cross-bill praying for a foreclosure of the deed of trust. The trial court dismissed plaintiffs' bill and entered judgment for defendant Karbe on his cross-bill, decreeing a foreclosure. The plaintiffs having appealed from that judgment to this court, we held the decree to be erroneous, not in dismissing plaintiffs' bill and decreeing a foreclosure, but in that the court had failed to find the amount due against the land, failed to foreclose the interest of the corporation therein, and failed to make provision for impounding the surplus, if any, arising from said sale pending the determination of the appeal then pending in the Supreme Court. [See Kessler et al. v. Kuhnle et al., 158 Mo. App. 636, 138 S. W. 944.]

After the cause had been remanded by this court, the plaintiffs filed an amended reply, praying to be allowed to pay into court, for the use of defendant Karbe, the amount of the principal note and interest thereon, and to be subrogated to the rights of defendant Karbe in and to the notes and to all of his right, title and interest in and to said lands under and by virtue of the deed of trust. Thereafter said amended reply on motion of defendant Karbe was stricken from the files, and on November 18, 1911, the court again entered judgment for defendant Karbe, decreeing that he "have judgment upon the notes in evidence for the sum of six thousand nine hundred ninety-three dollars; with six per cent interest per annum on six thousand dollars of this judgment and eight per cent in-

terest per annum on nine hundred ninety-three dollars of this judgment as found; that, on April 18, 1912, the amount of this judgment bearing six per cent interest be diminished one hundred eighty dollars, and the amount bearing eight per cent interest be increased one hundred eighty dollars, and at the end of each six months thereafter until judgment be paid that the amount of this judgment to bear six per cent interest be diminished by the further amount of one hundred eighty dollars, and the amount to bear eight per cent interest be increased by amount of one hundred eighty dollars. And it is further ordered and adjudged that the equity of redemption of the plaintiffs, William P. Kessler and Lena Kessler, in real estate described as follows: (Here follows description of land) "be forever foreclosed against said plaintiffs, and all persons claiming under them. It is further ordered that said real estate be sold by the sheriff of Lincoln county, Missouri, to satisfy this judgment and that special *fieri facias* issue to the sheriff for that purpose. It is also ordered that the net surplus, if any, remaining after sale and after satisfaction of this judgment be paid by the sheriff to the clerk of this court, to be held pending the further judgment of this court."

From this judgment the plaintiffs have prosecuted their appeal to this court.

But little now remains in the case. By the decision of the Supreme Court, above referred to, the title to the land remains in these appellants, subject to the lien of the deed of trust held by respondent Karbe. The latter is entitled to a judgment of foreclosure and to have the land sold to satisfy the debt and interest, subject to the right of appellants to pay off the same at any time prior to a sale together with any expenses incurred in proceeding to make such sale. All questions relating to the rights of the corporation with respect to the land have disappeared.

The decree, however, from which this appeal is prosecuted is erroneous, in our judgment, in allowing interest on the interest notes, and consequently in the amount found to be due at the time of the rendition of the decree, to-wit, November 18, 1911. The court found the sum of $6993 to be then due, i. e., the principal sum of $6000 and $993 interest. At that time five interest notes of $180 each were due and unpaid, viz., interest notes maturing October 18, 1909, April 18, 1910, October 18, 1910, April 18, 1911 and October 18, 1911 respectively. These five notes together represented the interest on the six-thousand-dollar principal note for a period of two years and six months, i. e., from April 18, 1909, to October 18, 1911, amounting to $900. Each interest note, however, on its face purported to bear eight per cent interest after its maturity. Hence, the amount due was ascertained by computing interest on each of these interest notes from its maturity to November 18, 1911, amounting in the aggregate to seventy-eight dollars. This added to the $900 represented by the face of the interest notes, and with the further addition of six per cent interest on the principal note of $6000 for the month from October 18, 1911, to November 18, 1911 (which period was not covered by the five interest notes mentioned), being fifteen dollars, made the total interest charges $993, computed to the said date of the judgment.

It was error to allow interest on the semiannual interest notes. Section 7185, Revised Statutes 1909, provides: "Parties may contract, in writing, for the payment of interest upon interest, but the interest shall not be compounded oftener than once a year." [See, also, Western Storage & Warehouse Co. v. Glasner, 169 Mo. 38, 68 S. W. 917; Citizens Nat'l Bank v. Donnell, 172 Mo. 384, 72 S. W. 925.] Here the interest to accrue on the indebtedness was represented by the interest notes, and to permit each semi-

annual interest note to begin to bear interest upon its maturity would be to compound the interest oftener than once a year, in violation of the statute. A violation of this section does not vitiate the lien or mortgage, but merely makes that portion of the contract void. [See Western Storage & Warehouse Co. v. Glasner, 169 Mo. 38, 68 S. W. 917.] The provision, therefore, for the semiannual interest notes to themselves bear interest from their maturity, was void. It would have been competent for the parties to contract, in writing, to the effect that interest, if unpaid, should, at the end of each year, be added to the principal debt and bear interest, but in the absence of an agreement to such effect the debt merely bears simple interest. Here the provision concerning compounding the interest was illegal and void. Hence the situation must be dealt with as if no agreement were made in the premises, for we cannot make a contract for the parties.

One further question affecting the form of the decree to be now entered should be touched upon. In Prairie Slough Fishing & Hunting Club et al., above referred to, the decree of the trial court in favor of the corporation required the latter to cause the notes to be taken up and the makers thereof, these appellants, to be relieved from personal liability thereon. In compliance with the decree officers of the corporation took up the notes, they being endorsed by the payees without recourse, and the corporation executed the following endorsement upon each note, viz.:

"In accordance with the judgment and order of the circuit court of Lincoln County, Mo., the makers of this note Wm. P. Kessler and Lena Kessler are hereby released from all personal liability on this note."

The reversal of that decree, however, by the Supreme Court, annulled it and likewise that which the lower court required to be done to comply with it;

thereby restoring the *status quo,* so far at least as concerns the relation of the appellants to the notes which they executed and which have come into the hands of defendant Karbe.

The judgment of the circuit court will therefore be reversed and the cause remanded, with directions to find and determine the amount of the debt against the land to the date of the judgment of foreclosure by adding to the amount of the six-thousand-dollar principal note, simple interest at the rate of six per cent per annum on the amount thereof, from April 18, 1909, and then decree a foreclosure of the equity of redemption of appellants in the property; providing for the right of appellants to redeem at any time before the sale takes place by paying the amount of the debt and interest, together with such expenses, if any, as shall have been incurred in proceeding to sell the property; decreeing that the proceeds realized from a sale of the property be applied, first to the payments of the costs and expenses of making the sale, second to the payment of the debt and interest, and that the surplus, if any, be paid over to appellants, and that in the event that sufficient be not realized from such sale to pay the debt, interest and costs and expenses of making the sale, the defendant Karbe have judgment against the appellants for any deficiency thus remaining. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.

## ON MOTION TO MODIFY JUDGMENT.

ALLEN, J.—It having been made to appear, on motion to modify the foregoing judgment, that a motion for rehearing is pending in the Supreme Court in the case of Prairie Slough Fishing & Hunting Club et al. v. Kessler et al., which motion remains undisposed of, the above judgment is modified to this extent: That, in the event the lower court shall enter its

decree herein before the judgment of the Supreme Court in said cause pending therein shall become final, the trial court is directed to decree a foreclosure of the equity of redemption of both the appellants and of the Prairie Slough Fishing & Hunting Club in said property, and that the surplus, if any, realized from said sale, after the payment of the costs and expenses thereof and the debt and interest, be deposited with the clerk, or in the registry of the court, there to remain until such time as a final judgment shall be entered in the Supreme Court in said case of Prairie Slough Fishing & Hunting Club et al. v. Kessler et al., at which time the circuit court shall order any such surplus to be paid over to the party or parties entitled thereto, and that no deficiency judgment be entered against the appellants unless and until the judgment of the Supreme Court in said Prairie Slough Fishing & Hunting Club et al. v. Kessler et al., reversing the decree of the lower court therein, shall become final. *Reynolds, P. J.*, and *Nortoni, J.*, concur.