WILLIAM J. STONE, Receiver, Respondent, v. ST. LOUIS UNION TRUST COMPANY, Appellant.

St. Louis Court of Appeals, May 5, 1914.

1. **TRUST COMPANIES: Action for Interest on Deposits: Implied Contract: Petition Construed.** A petition, alleging that defendant is a trust company organized under the statutes of Missouri, authorized to receive money upon general deposit, on which interest was to be paid by it; that it advertised and held out to the public that it would allow interest on deposits; that, in reliance on such advertisement, plaintiff, as receiver, began and continued making deposits in an open current account, and that, by reason thereof, defendant promised and agreed to pay plaintiff a reasonable rate of interest on said deposits; and that two per cent per annum, computed once in six months, was a reasonable rate of interest for a certain period, and that two per cent per annum, computed monthly, was a reasonable rate for the balance of the time, does not count upon a contract arising from an actual offer and acceptance, whereby the minds of the parties met with respect to all of the essential terms, but counts upon a contract implied by law, whereby defendant became obligated to pay plaintiff a reasonable rate of interest.

2. ————: **Obligation to Pay Interest on Deposits.** Under Sec. 1124, R. S. 1909, defining the powers and purposes of trust companies, such companies have no power to receive money on general deposit, and pay it out on demand, without allowing some interest thereon.

3. ————: ————: **Receivership Funds: Defenses: Indemnity.** In an action by a receiver for interest on receivership funds deposited with defendant trust company, subject to check, defended on the theory that there was no liability because the funds were held as an indemnity deposit, by reason of defendant being surety on the receiver's bond, *held* that the fact that defendant did not keep a record of such deposits in its regular records, but kept them in what it called a surety ledger, in which indemnity deposits were kept, did not bind the estate,

even if it could be thus bound, in view of the fact that the receiver had no knowledge concerning the manner in which the account was kept by defendant; *held, further*, that, in view of the fact that Sec. 1124, R. S. 1909, forbids the acceptance by trust companies of checking accounts, without the allowance of some interest thereon, the receiver's right to interest could not be affected by the manner in which defendant kept the account upon its books.

4. RECEIVERS: Trust Companies: Action for Interest on Deposits: Defenses: Indemnity. Where a receiver deposited funds with a trust company, subject to check, the latter could not escape liability for the payment of interest on such deposits, on the ground that they were held as an indemnity against its possible liability on the receiver's bond, since such funds are a part of the trust estate and subject to the court's orders, and the receiver would have no right to deposit them for the purpose of indemnifying the surety.

5. ———: ———: ———: ———: ———: Powers of Receivers. Until qualified, a receiver cannot bind the estate, and even thereafter he cannot do so without an order of the court or its approval; and hence a contract between a receiver and his surety (a trust company), made before he had qualified and not authorized by an order of court, whereby he agreed to waive interest on receivership funds deposited with the surety, would be void.

6. ———: ———: ———: ———: ———: Contract of Receiver Construed. A contract of a receiver, made before he had qualified, by which he agreed with a trust company that, in consideration of its becoming his surety, he would, among other things, keep on deposit with it all moneys which could be so deposited, provided he would not be obligated to do anything not to the advantage of the trust, or inconsistent therewith, did not purport to attempt to waive the right of the receiver to collect interest upon receivership funds deposited with the trust company.

7. ———: ———: ———: ———: Account Stated: Statute of Limitations. Where a trust company, with whom receivership funds were deposited, subject to check, struck balances of the account at intervals, delivering the pass book, which showed the balances, to the receiver, the failure of the receiver to object to the non-allowance of interest conformably to the requirements of Sec. 1124, R. S. 1909, where the court was not apprised of the matter, did not render the balances accounts stated, estopping the estate from claiming interest at the close of the account and starting the Statute of Limitations to running, in view of the fact that, in order to affect funds in his hands, the receiver's acts must be authorized or ratified by the court.

Stone v. Trust Co.

8. **STATUTE OF LIMITATIONS: Bank Deposits.** Where a deposit of funds is an indefinite one, the period of limitation takes its inception only from the date of a demand.

9. **RECEIVERS: Powers of Receivers.** A receiver holds funds in his hands subject to the orders of the court having supervision over the receivership, and all persons dealing with him are chargeable with notice of that fact.

10. **STIPULATIONS: Binding Effect: Estoppel.** In an action against a trust company for interest on deposits, a stipulation that plaintiff, if entitled to any interest, was entitled to a stipulated amount, arrived at by computing interest in accordance with the practice of the trust company, estops the trust company from contending that its practice of allowing two per cent interest per annum, compounded monthly, was in violation of Sec. 7185, R. S. 1909.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench*, Judge.

AFFIRMED.

*Stewart, Bryan & Williams* for appellant.

(1) The plaintiff has failed to amend his petition to meet the suggestion of this court on the former appeal. Stone v. Union Trust Co., 150 Mo. App. 331. (2) The defense that the deposit and account in question bore no interest is sustained under the pleadings and the proof. State ex inf. v. Trust Co., 144 Mo. 562. (3) Where plaintiff is required by the terms of a prior contract with defendant to place his deposit with defendant, the placing of such deposit with defendant cannot be consideration for another and different contract. 9 Cyc. 349; Storck v. Mesker, 55 Mo. App. 26. (4) If the court should hold that the rules and regulations of defendant, although not communicated to plaintiff, can be considered as part of the contract, still the court must consider all the rules and regulations of defendant and the uniform interpretation of them and the practice under them by defendant. (5)

The entry of debits and credits in the depositors' bank books, striking the balance and then delivering the pass book to the depositor with his canceled checks, constitutes a rendition of account and the retention of the book so balanced by the depositor for an unreasonable time, without objection to the account as rendered, constitutes an account stated; and especially is that true in this case because of the reports made by the plaintiff to the court and the approval of those reports. Burger v. Burger, 34 Mo. App. 153; Lieber v. Fourth National Bank, 137 Mo. App. 158; McKeen v. Bank, 74 Mo. App. 281; Kenneth Investment Co. v. Bank, 96 Mo. App. 125; Perry on Trusts, Sec. 482; 1 Am. & Eng. Ency. of Law (2 Ed.), p. 438.    (6) An account stated can only be opened up on account of fraud or mistake. And where a depositor knows he has not, upon the stating of the account by the bank in the pass book, been allowed interest and still retains the pass book without objection for an unreasonable length of time, he will thereafter be precluded from recovering such interest. Quinlan v. Keiser, 66 Mo. 603.    (7) The Statute of Limitations applies.    (8) The court erred in refusing defendant's declaration of law.

*Manton Davis* for respondent.

(1) The defendant being a trust company organized under the laws of Missouri, it is compelled to pay interest on checking deposits. R. S. 1909, Sec. 1124; State ex inf. v. Lincoln Trust Co. et al., 144 Mo. 562. (2) Under the evidence, the plaintiff's deposit is a "current account" and it is not an "indemnity account," as defendant contends. Century Dictionary, p. 1405; Words and Phrases, p. 1790; Chadwick v. Chadwick, 115 Mo. 586; 16 Am. & Eng. Ency. of Law (2 Ed.), 183; Black's Law Dictionary, p. 614. (3) The writing signed by Stone prior to his qualification as receiver was not a contract obligating him

to make deposit of the fund of his trust with the trust
company and will not preclude the obligation of the
trust company to pay interest on such funds because—
Stone at the time was not receiver and could make no
contract as such; the writing furnished a motive to
make the deposit, but it lacked every essential ele-
ment of a contract obligation so to do, viz., competent
parties, definite terms, lawful object, lawful consid-
eration.   State ex inf. v. Lincoln Trust Co., 144 Mo.
562; Shadewald v. White, 77 N. W. 42; In re Eby's
Estate, 164 Pa. St. 249; Bick v. Reese, 52 Hun, 125;
Estate of John J. Clark, 10 Pa. Super. 423; Jenkins v.
Schaffer, 6 Dem. Sur. (N. Y.) 59; In re Wilson's Es-
tate, 18 W. N. C. 483; In re Pickering's Estate, 4. Pa.
Dist. R. 263.   (4) The plaintiff does not seek to sur-
charge or falsify an account stated.   He denies its ex-
istence for the reasons following:   The theory of an
account stated is that mutual accounts have existed
between parties; that they have examined their ac-
counts and have agreed upon a balance due between
them, which balance, the debtor on accounting, has ex-
pressly or impliedly agreed to pay.   Newberger v.
Friede, 23 Mo. App. 634; Cape Girardeau v. Kimmal,
58 Mo. 85.   If the person who is alleged to have made
the account stated has no authority to do so, no ac-
count stated can arise from his actions.   Railroad v.
Commission Co., 71 Mo. App. 299; Kenneth Inv. Co. v.
Bank, 96 Mo. App. 125.   Lack of authority is properly
raised under a general denial.   It is a denial of an
essential element of the contract or action.   Cunning-
ham v. Roush, 157 Mo. 336; Boulton v. Railroad, 172
Mo. 92.   This Receiver had no authority to consent
to an account stated except by direction of the court or
its subsequent ratification of his act.   (5) When a re-
ceiver is appointed for property by a court of chan-
cery, the property is in the custody of the court.   Rum-
sey v. Railroad, 91 Mo. App. 202; Neun v. Bldg. & Loan
Co., 149 Mo. 74; Colburn v. Yantis, 176 Mo. 670; Smith

v. Railroad, 151 Mo. 301. The receiver is the court's arm merely and is possessed of very limited powers. Chicago Deposit Vault Co. v. McNulta, 153 U. S. 555; Lehigh v. Railroad, 35 N. J. E. 426; Hand v. Savannah, 17 S. C. 219; Tripp v. Boardman, 49 Ia. 410; Peoria Steam Marble Works v. Hickey, 110 Ia. 276; Railroad v. Herndon, 33 S. W. 377; Railroad v. Humphreys, 145 U. S. 82. This receiver is an officer appointed in a statutory proceeding brought by statutory authority, and being appointed by authority of the statute, his powers and the powers which the court may grant him, are peculiarly limited. R. S. 1909, Sec. 1081; State v. Bank, 45 Mo. 528; Rozier v. St. Francois County, 34 Mo. 395. Of the limitation of the receiver's powers all must take notice and deal with him at their peril of his limited authority. Lehigh v. Railroad, 35 N. J. E. 426; Tripp v. Boardman, 49 Ia. 410; Chicago Deposit Vault Co. v. McNulta, 153 U. S. 555. This being a winding up receivership, the receiver is the court's custodian and may not lawfully agree to part with the possession of funds in his care without authority from the court. Ricks v. Broyles, 78 Ga. 610; Ficenor v. Bott, 47 S. W. (Ky.) 251. Should we grant that the receiver has deposited his funds with the defendant on this agreement to pay interest, then to make a contract in the nature of an account stated, omitting the interest would be to commute or compromise a demand of the estate, a power which the receiver, without the authority of court, may not exercise. Smith on Receivers, 88; Paxton v. Steele, 86 Va. 311; 5 Thompson on Private Corporations, Sec. 6973. Should it be held that the receiver has been granted implied authority to deposit his fund with the defendant, this would not help the defendant, for then, by reason of the deposit, the defendant becomes *pro hac vice* an officer of the court and the custodian of its funds and is amenable to the court's orders in the receivership suit. The defendant's relations then, are

directly with the court, in whose theoretical custody the funds are. 23 Am. & Eng. Ency. of Law (2 Ed.), 1056; Rapalje on Contempts, Sec. 15; In re Western Fire & Marine Ins. Co., 38 Ill. 289; 17 Ency. Pd. & Pr. (2 Ed.), 773; McCarter v. Finch, 55 N. J. E. 245; Otis v. Gross, 96 Ill. 612; 5 Thompson on Private Corporations, Sec. 7075. This being true, the defendant's responsibility is to the court and cannot be abridged by any secret agreements unknown to the court. Una. v. Newark Savings Institute, 46 Atl. 660. The mere fact that the receiver's reports from time to time made mention of the cash balance on hand and of interest collected from other sources (not, however, even disclosing the fact of this deposit) will not furnish any basis to argue that the court ratified any agreement by the receiver by account stated or otherwise, not to collect interest. Chicago Deposit Vault Co. v. McNulta, 153 U. S. 555; Peoria Steam Marble Works v. Hickey, 110 Ia. 276. (6) The doctrine that a receiver may not contract without authority of the court, the appellant may urge would preclude his recovery on the original contract to pay interest. Such is not the case. When one has contracted with a receiver and he is sued on the contract by the receiver, it is well settled that the lack of authority in the receiver is a question which the defendant may not raise. Thompson v. Phoenix Ins. Co., 136 U. S. 287; Corbin v. De La Vergne, 44 N. J. L. 70; O'Gorman v. Sabin, 64 N. W. 84; Smith on Receiverships, p. 87. (7) No part of plaintiff's demand is barred by the Statute of Limitations, because: This action being on an account current, no part of it will be barred unless all the parts of it are. R. S. Mo. 1909, Sec. 1893; Chadwick v. Chadwick, 115 Mo. 581; Boylan v. Victory, 40 Mo. 244; Ring v. Jamison, 66 Mo. 424; Gibson v. Jenkins, 97 Mo. App. 27. This deposit was originally made for the purpose of it remaining an indefinite period of time and until demand by check or sight draft. Under such circumstances the Statute

of Limitations will not begin to run until actual demand and refusal. Jameson v. Jameson, 72 Mo. 640; Waldron v. Alexander, 35 Ill. App. 319; Campbell v. Whorisky, 170 Mass. 63; Sullivan v. Fosdick, 10 Hum. 173; Railroad v. Continental Bank, 212 Mo. 505; Zane on Banks and Banking, Sec. 169, p. 290; Koelzner v. First Nat'l Bank, 125 Wis. 595. Where interest is payable on the principal obligation and no time is fixed for the payment of the interest, the interest is an incident of the principal and the interest is barred by limitations only as and when the principal is barred. 19 Am. & Eng. Cyc. (2 Ed.), 206; Greenwood v. Fenton, 54 Neb. 573; French v. Kennedy, 7 Barb. (N. Y.) 452; Bander v. Bander, 7 Barb. (N. Y.) 560. (8) The allowance of six per cent interest after demand and refusal was correct. R. S. 1909, Sec. 7181; Ewall v. Daggs, 108 U. S. 143; Holden v. Trust Co., 100 U. S. 72; Wright v. Hannah, 210 Pa. St. 349; Brewster v. Wakefield, 63 U. S. (22 How.) 118; Burnhisell v. Firman, 89 U. S. (22 Wall.) 170; Sikles v. Herold, 149 U. S. 332; Nation's Bank v. Mechanic's Nat'l Bank, 94 U. S. 437.

ALLEN, J.—This is an action by plaintiff as receiver of the Mullanphy Savings Bank to recover interest claimed to be due from defendant trust company upon funds kept on deposit with the latter by plaintiff, as such receiver, during a period of years. This is the second appearance of the case in this court, the opinion on the former appeal being reported in 150 Mo. App. 331, 130 S. W. 825. The suit was instituted in the circuit court of the city of St. Louis on September 15, 1906. The first trial resulted in a judgment for plaintiff. On appeal to this court the judgment was reversed and the cause remanded. Upon the second trial plaintiff again prevailed, and the cause is again here upon defendant's appeal.

On or about March 1, 1897, William J. Stone, now Senator Stone of this State, was appointed receiver of the defunct Mullanphy Savings Bank by the circuit court of the city of St. Louis. On said last-mentioned date he duly qualified as such receiver, giving a bond in the sum of $1,000,000 for the faithful performance of his duties in such capacity, which bond was executed by him as principal and by the defendant, then the St. Louis Trust Company, as surety. Upon the back of a copy of the bond was written the following agreement entered into between Senator Stone and the defendant before the former had qualified as such receiver, viz:

"The St. Louis Trust Company having executed my bond, of which the within is a duplicate original copy, it is hereby agreed that the premium of said suretyship shall be fifteen per centum (15%) of whatever compensation I may be allowed as such receiver.

"And I further agree to keep on deposit with said St. Louis Trust Company, all moneys and other property of which I have been appointed receiver, which can be so kept on deposit with it; and to transact through it all business pertaining to said receivership than can properly be so transacted through it, *provided that nothing herein shall require or obligate me to do anything not to the advantage of the trust or inconsistent therewith.*

Signed:                        WILLIAM J. STONE."

Plaintiff at once began depositing with defendant the funds coming into his hands as receiver, and continued to make such deposits from time to time, and kept on deposit with defendant such funds as were thus in his hands during the period here in question. The account which plaintiff thus maintained with defendant was in its nature what is termed a current or checking account; and plaintiff from time to time drew checks upon the fund, in accordance with the orders

of the court which appointed him, and in the performance of his duties as receiver, in the course of the administration of the trust estate. The amount of funds thus kept on deposit by plaintiff therefore varied greatly from time to time, the amount thereof decreasing as plaintiff liquidated the affairs of the institution of which he was receiver.

. The record shows that upon many different dates, between said March 1, 1897 and September 15, 1906, the date of the institution of this suit, plaintiff's bank book was delivered to the defendant to be balanced, and was so balanced and returned to plaintiff together with his cancelled checks; and that on these occasions the bank book so returned to plaintiff showed no interest allowed or credited to plaintiff's account. It appears that nothing was ever said between plaintiff and any of the officers or agents of defendant trust company respecting the allowance of interest upon plaintiff's account until April, 1906, when plaintiff, who was preparing to make a final settlement as receiver, demanded a statement of the interest to be allowed. Upon learning that the defendant declined to allow any interest upon the deposits which had been kept with it, plaintiff applied to the circuit court having jurisdiction over the receivership for instructions in the premises, and was directed by the court to institute this action.

I. The original petition proceeded upon the theory that the defendant had contracted to pay interest at the rate of two per cent on plaintiff's current account, in accordance with the rules of the defendant trust company. It alleged among other things that, in reliance upon certain newspaper advertisements and published declarations of defendant, plaintiff, as receiver, began and continued to make deposits with defendant; and counted upon an actual contract entered into between the parties, as by offer and acceptance, whereby defendant agreed to pay two per cent interest upon

such deposits, compounded at certain periods. Upon the former appeal it was held that there was no evidence from which the court could find that a contract had been actually entered into, as pleaded. The judgment was therefore reversed and the cause remanded, with leave to plaintiff to amend his petition if so advised.

Plaintiff thereafter amended his petition in certain particulars; and one point now urged upon us by appellant pertains to the nature of the amended petition. It is urged that the latter still counts upon an actual contract, either express, or to be inferred from the acts and conduct of the parties, as distinguished from one implied by law. [See Stone v. Trust Co., 150 Mo. App. l. c. 343, et seq., 130 S. W. 825.]

The amended petition alleges that the defendant is a corporation organized under the statutes of Missouri relating to trust companies, "and by virtue of said laws was authorized and empowered to receive money upon general deposits, payable upon demand on check or sight draft, on which said general deposits interest was to be paid by said corporation; . . . and has no other or further powers;" "that defendant corporation advertised and held out to the public that it would allow interest on deposits;" and "that in reliance on defendant's said advertisements, the plaintiff, acting as such receiver, began and has ever since continued his said deposit and account . . . and that said account has at all times since its beginning been a mutual open and current account with reciprocal demands between the defendant corporation and the plaintiff acting as such receiver, and by reason thereof defendant promised and agreed to pay plaintiff a reasonable rate of interest on his said deposit and account. That two per centum per annum computed once in six months was a reasonable rate of interest from the time plaintiff began his said deposit and account until on or about the first day of November,

1901; and that two per centum per annum computed monthly, was a reasonable rate of interest from the first day of November 1901 until the beginning of this action.''

An examination of this amended petition discloses that plaintiff therein counts upon a contract implied by law, whereby the defendant became obligated to pay plaintiff a reasonable rate of interest. It is true that plaintiff still alleges that, in reliance upon certain advertisements, he began making the deposits, but this does not necessarily mean that plaintiff is counting upon a contract arising from an actual offer and acceptance, whereby the minds of the parties met with respect to all of the essential terms of the contract. On the contrary, the allegations of the amended petition can be construed only to mean that plaintiff made and kept his deposits with the defendant in the expectation of receiving interest thereon at some rate, because the law required defendant as a trust company to pay some interest on deposits, and because of the fact that defendant had held itself out as allowing interest upon deposits generally, whereby defendant became bound to pay plaintiff a reasonable rate of interest, as upon a promise to that effect which the law will imply.

The amended petition now appears to seek a recovery upon the theory of a *quantum valebat,* in accordance with the suggestion of this court on the former appeal.

II. Defendant is a trust company organized and existing under and by virtue of chapter 12, article 3, Revised Statutes 1909. In construing section 1124 of this article, defining the powers and purposes of such corporation, our Supreme Court has held that trust companies in this State have not the power to receive money on general deposit, and pay it out on demand, without allowing some interest thereon. [See State

ex inf. v. Lincoln Trust Co. et al., 144 Mo. 562, 46 S. W. 593.]

But appellant seeks to justify its refusal to allow interest on plaintiff's account with it upon the ground that the account in question is to be regarded as an "indemnity account" upon which defendant was not required by law to pay interest. Touching this question an officer of defendant testified, in substance, that "indemnity deposits" are cash funds, deposited as a guarantee as against loss on bonds upon which the trust company was a surety. And it appears that this account was kept in what was known as the "surety ledger" in which so-called indemnity deposits were kept. It may be said, however, for one thing, that the evidence fails to reveal that plaintiff had any knowledge whatsoever of defendant's bookkeeping, or how or where plaintiff's account was kept by defendant. And not having assented thereto, or even been informed thereof, plaintiff could not be bound thereby.

Furthermore, in view of the fact that our law forbids the acceptance by defendant of ordinary checking accounts, such as was this, without the allowance of some interest thereon, it is difficult indeed to see how plaintiff's right to interest can be affected by the manner in which the defendant kept the account upon its own books. Were it a case where a deposit had been made with defendant to insure it against loss or liability by reason of becoming surety upon plaintiff's bond, we should have a different case to deal with. Such a deposit would necessarrily not be made upon a general checking account, but the defendant would be entitled to hold the same until it had ascertained that it would be subject to no liability in the premises.

But under such circumstances as here appear in evidence, it is quite clear that the defendant cannot claim that the trust funds deposited with it could in any manner be regarded as being in its hands for the

purpose of indemnifying it against loss or liability by reason of being surety upon the bond which it signed. The funds so deposited were those of the trust estate, were subject to the court's orders in the premises, and the receiver could not have deposited them with the defendant trust company for the purpose of indemnifying the latter as against liability arising upon the receiver's bond. Any liability so arising, as for a failure to faithfully perform the duties of such office, would have been a personal liability of the principal in the bond, and not of the receiver as such; and to apply the trust funds to indemnify the surety against liability upon the bond would of itself necessarily render both the receiver and the defendant trust company liable upon the bond which both had signed. In other words, the defendant could not have indemnified itself out of the very trust funds which it and the receiver were under obligation to keep and hold subject to the orders of the court wherein the trust was being administered. There are further reasons why this contention is without merit, but we need not dwell thereupon, for manifestly the theory of an indemnity account has no place in the case.

III. It is also urged that the special contract entered into between Senator Stone and defendant precludes the idea of the payment of any interest upon the account in question; that the sole consideration for the depositing of the money and assets of the trust estate with the defendant was the execution by the latter of the receiver's bond as surety; and that as nothing is contained in this agreement providing for the payment of interest, the latter is excluded, in accordance with the maxim *expressio unius est exclusio alterius*.

As to this it may be said, in the first place, that the contract shows upon its face that it is not a contract between the receiver, as such, and the defendant, but a private agreement between Senator Stone and

Stone v. Trust Co.

the Trust Company, not purporting to bind the trust estate. At the time of its execution the receiver had not qualified, and was wholly without power to bind the estate in the premises, even could he thereafter have done so without an order of court, or the latter's approval thereof, which we do not grant. Neither could he have made a binding agreement to waive interest upon the trust funds in consideration of defendant's becoming surety upon his bond. Manifestly the receiver could not at that time have entered into any contract binding the trust estate, and his powers thereafter were necessarily limited and subject at all times to the orders of the court having jurisdiction over the receivership.

But it is enough to say that this contract does not purport to deal with the terms upon which the deposits were to be made and kept with the defendant. It provides that the defendant shall be entitled to a certain percentage of the receiver's compensation, that the trust funds shall be kept on deposit with defendant and that all business pertaining to the receivership shall be transacted through the latter that can be properly transacted through it. Then follows quite an important proviso, which it appears was added by Senator Stone in his own hand writing, and which we have italicized above, viz: "Provided that nothing herein shall require or obligate me to do anything not to the advantage of the trust or inconsistent therewith."

Clearly it would not have been to the advantage of the trust estate to attempt to waive all interest on the fund kept on deposit by the receiver, in consideration of the defendant's becoming surety upon the receiver's bond. And it appears that this contract was purposely limited so as to make it clear that the requirement that the funds be deposited with defendant, and the business of the receivership be transacted through it, should not be effective if at any time or for any reason it should operate to the disadvantage of

the trust estate or be inconsistent with the trust reposed in plaintiff.

We think it altogether clear that this contract cannot affect plaintiff's right to recover interest. Certainly Senator Stone was not competent to contract as receiver, and did not so contract. Neither was the defendant competent to make a contract to receive current deposits, subject to check, without allowing interest thereon, for it is clear that it had no such power under its charter; and the contract does not purport upon its face to make any such provision, nor stipulate the terms upon which the deposits are to be held by defendant. The question need not be pursued further.

IV. It is earnestly insisted by appellant that an account stated arose between the parties at the various times when the receiver's bank book was balanced, which not only bars plaintiff from now assailing the same, but which served, at the various times mentioned, to start the Statute of Limitations running. Appellant says that the entry of debits and credits in a depositor's bank book, striking a balance, and delivering the book to the depositor with his cancelled checks, constitutes the rendition of an account; and that the retention by the depositor of the book so balanced for an unreasonable time, without objection to the account as rendered, constitutes an account stated, citing McKeen v. Bank, 74 Mo. App. 281; Kenneth Investment Co. v. Bank, 96 Mo. App. 125, 70 S. W. 173; Lieber v. Fourth National Bank, 137 Mo. App. 158, l. c. 170, 117 S. W. 672. But we are firmly convinced that this rule can here have no application; that there could be here no account stated, and that hence there is nothing upon which to predicate the defense of the Statute of Limitations. As to this we quote and adopt the following from the memorandum opinion of the learned trial judge filed herein, to-wit:

"Since the receiver is a mere 'arm of the court,' is a representative of the court in carrying out its de-

crees and orders and in the management of property temporarily administered by and in the custody of the court, his powers are strictly limited to those plainly granted by the court, cannot be broadened by implication and must be taken notice of by parties with whom the receiver deals. Hence, if by the act of opening the current account of his estate with de-, fendant trust company, the right to customary interest upon the current funds accrued to the estate of the defunct bank, the mere omission of defendant to credit accrued interest upon the bank book held by the receiver, upon occasions when balances were struck in such book, would not estop such estate from claiming this interest at the close of the account between them, at least not so long as the court having control of the account was not apprised of the question thus sought to be determined, and did not directly, or by necessary inference, or by ratification, approve of such settlement. In the case at bar no report as to interest on deposits was ever vouchsafed to the court until the last receiver's report in question, and instantly an order followed to test out the receiver's right to the interest. . . . There is nothing to show that any occasion for action on the part of the court ever arose until its receiver made the report, whereupon the court entered the order commanding this suit.

"What has been said regarding an account stated necessarily disposes of the question as to whether the claim for any portion of the interest is barred by limitation. Absent such stated account, the interest is simply inherent in and incident to the 'current account' between plaintiff and defendant. . . .

"No limitation here arises as to interest until it would arise also upon the account itself, and where the deposit is an indefinite one, the period of limitation takes its inception only from the date of a demand for the same."

It is well settled that a receiver is not authorized to exercise his discretion with respect to funds in his hands, but that he holds the latter subject at all times to the orders of the court having supervision over the receivership; that in order to affect the funds in his hands the receiver's acts must be authorized or ratified by the court; and that all persons dealing with the receiver are chargeable with knowledge thereof, and deal with him with notice of his limited authority and of the undoubted power of the court to modify or vacate altogether any agreement which he may make relative to. the funds in his hands. [See Chicago Deposit Vault Co. v. McNulta, 153 U. S. 554, and authorities cited.]

The assets of the defendant bank were in *custodia legis,* and if by virtue of the deposits' made by the receiver with defendant the right to interest thereon accrued, as an increment to the fund, the receiver was without authority to waive it by contract either express or implied; and his retention of the bank book, balanced by defendant and returned to him, could not operate to relieve the defendant of its obligation to pay the interest which had accrued prior thereto, upon the theory of an account stated between the parties, nor put in operation the Statute of Limitations with respect thereto.

V. In order to avoid an accounting to determine the amount of interest due, if plaintiff was entitled to recover interest at all, a calculation of interest upon the account was made in accordance with the rules of defendant company relative to the allowance of interest upon current deposits; and it was stipulated between the parties that such calculation of interest was correct. It appears that, according to defendant's rules in force from March 1, 1897 to November 1, 1901, interest at two per cent per annum was allowed upon current deposits of one hundred dollars and over, and, unless withdrawn, was added to the principal every

six months, and thereafter bore interest; and that, from November 1, 1901, until the institution of this action, two per cent per annum was allowed on such deposits, to be thus added to the principal monthly. The calculations of interest accompanying the stipulation above mentioned were made accordingly, and showed that the total interest, thus calculated, which had accrued at the time of the institution of the suit, was $3574.72. The judgment entered by the lower court was for this sum, with six per cent interest thereon from and after the institution of the suit, making a total of $4800.83.

There is sufficient evidence to justify a finding that the interest computed as above was a reasonable rate of interest to allow on such deposits. We do not understand this to be controverted; and the stipulation would appear to concede it. It is contended by appellant, however, that to thus allow interest upon interest, by adding the interest to the principal oftener than once a year, is contrary to law; and that the stipulation in question does not conclude this matter. The point was expressly made below, and is urged upon us here, that to so compute the interest would be to violate section 7185, Revised Statutes 1909, which provides as follows: "Parties may contract in writing for the payment of interest on interest; but the interest shall not be compounded oftener than once in a year."

We have recently had occasion to notice the effect of this statute in Kessler v. Kuhnle, 176 Mo. App. 397, 159 S. W. 768, where we held that the provision in semiannual interest notes, to the effect that such notes should begin to bear interest upon their maturity, was in violation of the statute forbidding the compounding of interest oftener than once a year, and that such agreement to so compound the interest was void, and only simple interest recoverable. But we think that the defendant is here estopped to challenge the amount of interest, if any, to be recovered, because of

the above-mentioned stipulation which it entered into, and which, in our judgment, precludes any defense on this score. By this stipulation it was agreed that the various calculations of interest upon plaintiff's account, appearing upon certain attached sheets, and covering the entire period in question, were correct. Upon such sheets the interest computed from the beginning of plaintiff's account to February 25, 1907, was shown to be $3646.27, while to August 31, 1906, the end of the month preceding that in which the suit was instituted, it amounted to $3574.72. And it was stipulated "that if interest is due and payable on said account from its beginning to February, 1907, that the proper amount thereof is the sum of thirty-six hundred forty-six dollars and twenty-seven cents ($3646.27.)" The stipulation then provided that it should "not be held or construed to be an admission by the defendant that any interest whatsoever is due or payable, its sole purpose being to avoid an examination of accounts and a calculation of interest, if any interest shall be held and found by the court to be due by the defendant to the plaintiff."

While it is of course not conceded by the stipulation that any interest is due, we cannot but view the stipulation as an agreement fixing the amount thereof recoverable by plaintiff, in the event that plaintiff should be found entitled to recover at all. It expressly declares that the very interest calculations appearing upon the attached sheets are correct, and that if interest is due and payable to February, 1907 then "the proper amount thereof" is $3646.27. And its declared purpose was to avoid an examination of accounts and any further or other computation of interest. Though the period for which plaintiff recovers does not extend to February, 1907, but to September 15, 1906, the date of the institution of the suit, the stipulation appears to concede that interest as thus computed and agreed upon was to be regarded as the proper basis of plain-

tiff's recovery, as of a reasonable rate of interest, if defendant was found to be liable for interest on the . funds kept on deposit with it. The stipulation appears to have been entered into to set this very matter at rest, and to serve to fix the amount of plaintiff's recovery, in the event that plaintiff prevailed in the action. We therefore rule this point against appellant.

For the reasons expressed above we are of the opinion that the judgment should be affirmed, and it is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.