# B. MARVIN HARRIS, Administrator, Appellant, v. A. W. STEWART et al., Respondents.

### St. Louis Court of Appeals, July 3, 1917.

1. **APPELLATE PRACTICE: Review: Demurrer to Evidence.** On appeal from a judgment for defendant, upon a demurrer to the evidence being sustained, the appellate court must view the evidence in the light most favorable to plaintiff and give him the benefit of every inference which a jury might fairly and reasonably draw from the facts and evidence, to determine whether plaintiff made a prima-facie case.

2. **BILLS AND NOTES: Payment: Tolling Statute of Limitations: Sufficiency of Evidence.** In an action on a promissory note executed by defendants jointly, defended by one of the defendants on the ground that it was barred by the Statute of Limitations, *held* that an endorsement on the back of the note, showing a payment thereon within the limitation period, so as to toll the statute, together with evidence by an attorney who presented the note for collection, that such defendant said that the deceased payee had told him that the other defendant had made the payment, and that such defendant made no objection at that time to the endorsement on the back of the note showing such payment, but, on the contrary, admitted to the attorney that he owed the note, and stated that he thought he would have to pay the same, was sufficient to require submission to the jury of the question whether or not such payment was made.

3. **STATUTE OF LIMITATIONS: Tolling Statute: Payment by Joint Obligor.** A payment of part of the debt by one of the joint or co-makers of a promissory note tolls the Statute of Limitations against both makers.

4. **INTEREST: Compounding Interest Semi-annually.** Section 7185, R. S. 1909, bears on the question of compounding interest on a promissory note payable *six months* after date and providing for "interest at the rate of eight per cent. per annum from date, and if interest is not paid when due, to become as principal and bear the same rate of interest."

Appeal from Pike Circuit Court.—*Hon. Edgar B. Woolfolk,* Judge.

REVERSED AND REMANDED.

*Pearson & Pearson* for appellant.

The Statute of Limitations cannot be successfully invoked by respondent in this case, as a bar to any recovery against him. Clinton Co. to Use v. Smith, 238 Mo. 118; Reagan v. Williams, 185 Mo. 620; Bennett v. McCanse, 65 Mo. 194; County of Vernon to Use v. Stewart, 64 Mo. 408; Bender v. Markell, 37 Mo. App. 234.

*Hostetter & Haley* for respondent.

(1) The $5 credit of May 28, 1904, did not prove itself. Without it the note was clearly barred. It was therefore not against the interest of the holders of the note as ordinary credits are presumed to be; but the same was necessary to save the note from the bar of the Statute of Limitations and therefore it was to the interest of the holders of the note that the genuineness and correctness of the alleged payment of $5 should be recognized. Hence it was necessary that plaintiff should prove that the payment was actually made and the credit endorsed on the note with the assent and knowledge of one or both of the makers. Otherwise the holder of the note could keep it alive by his voluntary endorsement of credits without any payments actually having been made and regardless of the knowledge or acquiescence of the makers. Gardner v. Early, 78 Mo. App. 350; Goddard v. Williamson's Admr., 72 Mo. 133; Phillip v. Mahan, 52 Mo. 197; Haver v. Schwyhart, 39 Mo. App. 303, same case on second appeal, 48 Mo. App. 50; Smith v. Zimmerman, 51 Mo. App. 519. The trial court properly found that plaintiff had failed to prove the payment of the $5 so credited on the note, hence it followed that the note was barred by the elimination of that credit. (2) When a note is barred by the Statute of Limitations, then a part payment by one of two or more joint makers can only have the effect of reviving the obligation as to that one so making such part payment; it has no such effect on the other. Sec. 1910, R. S. 1909.

BECKER, J.—Plaintiff, as administrator of the estate of J. H. Patton, deceased, instituted this suit in the

circuit court of Pike county, Missouri, against the defendants, A. W. Stewart and H. T. Stewart, as makers of a note, dated February 25, 1892, for $253.45, payable to the order of J. H. Patton and W. H. Owen. Upon trial, the court, a jury being waived, rendered a judgment against A. W. Stewart, and in favor of the plaintiff, in the sum of $706. 85, the amount found due on said note; and rendered a judgment in favor of the defendant, H. T. Stewart. From this judgment in favor of H. T. Stewart, the plaintiff appeals.

The undisputed facts in the case are that A. W. Stewart and H. T. Stewart are brothers, and that on February 25, 1892, they executed and delivered their joint note to J. H. Patton and W. H. Owen. The note is in words and figures as follows, to-wit:

"253.40                    Clarksville, Mo., Febry 25, 1892.

"Six months after date we promise to pay to the order of J. H. Patton & W. H. Owen, Two hundred and Fifty Three & 45/100 Dollars.

"For value received, negotiable and payable without defalcation or discount, at the banking house of CLIFFORD BANKING Co., Clarksville, Mo., with interest at the rate of Eight per cent. per annum from date, and if interest is not paid when due to become as principal and bear the same rate of interest.

A. W. STEWART
H. T. STEWART."

On the back of this note appear five endorsements, one of which endorsements has a line running through it, and for the purpose of this opinion it is not necessary that we take further notice thereof. The other four endorsements are as follows:

"By Cash Int. to Feby 25-93 and by cash....$100.00
6-14-94, By check Elsberry,................. 15.00
By cash May 28-1904.................... 5.00
By cash Mar. 30th, 14 (Chk. A. W. Stewart)  10.00
                    PEARSON & PEARSON,
                    Attys. for J. H. PATTON."

All of the payments on said note, as noted by the endorsements, were admitted as having been made, except-

ing the one alleged payment endorsed: "By cash, May 28, 1904, $5." It was plaintiff's contention that this payment was in point of fact made on the 28th day of May, 1904, in the sum of $5, by the defendant, A. W. Stewart, and that payment was made by reason of the insistence of J. H. Patton, deceased, holder of the note, in order to prevent the running of the Statute of Limitations, and to relieve Patton of the necessity of instituting suit on the note.

Mr. Ras Pearson was the sole witness who testified with reference to the disputed $5 payment. He was the attorney for J. H. Patton during his lifetime, and as a witness for plaintiff testified to a conversation he had with defendant, Henry T. Stewart, as follows:

"We were discussing the reason for wanting another payment on the note or bringing suit to keep the Statute of Limitations from running, only had a short time, and he told me when the payment of five dollars was made, that Colonel J. H. Patton went to A. W. Stewart, and he found him in a field down there, and that he told him he would have to have payment at that time or the note would run out or he would have to bring suit, and that A. W. Stewart had five dollars and it was all that he had, and A. W. Stewart gave him the five dollars, to pay on that note to keep it alive and keep him from bringing suit at that time, and I said, now that payment was made under those circumstances, and ten years more has nearly gone, and here we are still trying to do the same thing."

Pearson further testified that in the conversation he had with the defendant, Henry T. Stewart, the said defendant told him that:

"He knew that payment had been made and that the Colonel (J. H. Patton) had told him that the payment of five dollars had been made. Q. That the Colonel had told him that? A. Yes, sir. Q. And Henry's information as it came to you is based only on what Colonel Patton said? Henry wasn't down in this field when Colonel Patton claimed to you that he went down there and collected this five dollars from A. W. Stewart? A. No, sir; he didn't say that Henry was with him, but the Colonel

said, and so did Henry Stewart, that the Colonel was trying to collect it before that payment of five dollars was made, and that payment of five dollars was made by A. W. Stewart, and Mr. Stewart told me that he knew that payment had been made.''

The court at the close of plaintiff's case sustained a demurrer as to the defendant, H. T. Stewart.

I.   Appellant's first assignment of error is that the court erred in sustaining the defendant H. T. Stewart's demurrer to the evidence at the close of plaintiff's case. This makes it necessary that we review the testimony adduced on behalf of the plaintiff. And we must view the same in the most favorable light and give plaintiff the benefit of every inference which a jury might fairly and reasonably draw from the facts in evidence, to determine whether plaintiff has made a prima-facie showing that the alleged $5 payment on the note by defendant, A. W. Stewart, was actually made, as shown by the endorsement thereon as of the date of March 30, 1914. A careful examination of the evidence adduced in the case has led us to the conclusion that plaintiff introduced substantial evidence sufficient to have this question submitted to the jury.

The witness Pearson testified that a short time previous to the institution of this suit, he had shown the note to the respondent, H. T. Stewart, which note at the time bore the endorsement of said payment of $5, May 28, 1904, credited on the back thereof; that respondent, H. T. Stewart, made no objection to this payment appearing as a credit on the back of said note, but on the contrary admitted to the witness Pearson, that he owed the note and thought he would have to pay the same, and Pearson further testified that said H. T. Stewart stated to him that he knew the said payment of $5. had been made.

We hold that the testimony of Pearson standing uncontradicted, together with the endorsement on the back of the note, is sufficient to require the submission of this question to the jury, or the court sitting as a jury. In view of this fact the court erred in sustaining the the demurrer of defendant, H. T. Stewart.

II.   If, on a retrial, the jury, or the court sitting as a jury, find that the $5 payment alleged to have been made on the 28th day of May, 1904, was in point of fact made by the defendant, A. W. Stewart, it would then follow that the Statute of Limitations could not be successfully invoked by defendant, Henry T. Stewart, as a bar to any recovery against him, for our courts have repeatedly held that a payment by one of the joint or co-makers of a promissory note, or a part of the debt evidenced by such note, prevents the operation of the Statute of Limitations against the joint or co-maker as well as against the party making such payment thereon. [Clinton Co., to use, v. Smith, 238 Mo. 118, l. c. 127, 141 S. W. 1091; Regan v. Williams, 185 Mo. 620, l. c. 628, 84 S. W. 959; Bennett v. McCanse, 65 Mo. 194, l. c. 195; Co. of Vernon, to use, v. Stewart, 64 Mo. 408, l. c. 410; Bender v. Marshall, 37 Mo. App. 234, l. c. 243.]

III.   While no point is here made as to the fact that the note in question is payable six months after date and provides that it shall bear, "interest at the rate of eight per cent. per annum, from date, and if interest is not paid when due, to become as principal and bear the same rate of interest," we call attention to section 7185, Revised Statutes of Missouri, 1909, as bearing on that question.   [Also, see cases of Kessler v. Kuhnle, 176 Mo. App. 397, 159 S. W. 768; Stone v. Trust Co., 183 Mo. App. 261, 166 S. W. 1091; Whitworth v. Davey, 185 S. W. 241, — Mo. App. —].

For error in sustaining defendant H. T. Stewart's demurrer to the evidence, the judgment is reversed and the cause remanded. *Reynolds, P. J.,* and *Allen, J.,* concur.